**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LONGINO MONREAL III,
Postmaster, Sangelo, Texas; FELIX R.
FIGUEROA, U.S. Postal Inspector,
San Antonio Domicile, Texas;
LORENZO ORTIZ, Plant Manager,
North Houston, Texas; DAVID L.
MEDINA, Plant Manager, Denver
Bulk Mail Center; RICHARD M.
SANCHEZ, Lead Plant Manager,
Processing and Distribution, Omaha,
Nebraska; DAVID E. NARANJO,
Postmaster, Espanola, New Mexico;
and ERNEST N. CANDELARIA JR.,
Service Specialist, Denver Bulk Mail
Center, on behalf of themselves and
others similarly situated,

     Plaintiffs - Appellants,

v.

JOHN E. POTTER, in his official
capacity as Postmaster General of the
United States Postal Service,

     Defendant - Appellee.

No. 02-1195

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 97-S-548)**

---

David C. Warren, Warren & Boonin LLP, Boulder, Colorado (Jonathan B. Boonin, Warren & Boonin LLP, Boulder, Colorado, and Hartley David Alley, Wheat Ridge, Colorado, with him on the briefs) for Plaintiffs-Appellants.

Eric David Miller, Attorney, Appellate Staff Civil Division, United States Department of Justice, Washington, D.C. (Robert D. McCallum, Jr., Assistant Attorney General, United States Department of Justice, Washington, D.C., John W. Suthers, United States Attorney, Denver, Colorado, and Marleigh D. Dover, Attorney, Appellate Staff Civil Division, United States Department of Justice, Washington, D.C. with him on the brief) for Defendant-Appellee.

---

Before **EBEL**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

Seven management-level employees of the United States Postal Service ("Plaintiffs") appeal the district court's dismissal of their individual and class allegations of race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. The district court dismissed their individual claims for failure to exhaust and their class claims for failure to satisfy the requirements of Federal Rule of Civil Procedure 23.

With respect to Plaintiffs' individual claims, we find that the district court erroneously concluded that Plaintiffs failed to exhaust their administrative remedies and REVERSE and REMAND these claims for further proceedings.

With respect to the district court's denial of class certification, however, we AFFIRM its judgment.

## I.  BACKGROUND

Seven management-level Hispanic employees of the United States Postal Service ("Plaintiffs") brought this Title VII action on behalf of themselves and other similarly situated employees.  In addition to asserting individual claims of race and national origin discrimination, Plaintiffs also advance class claims alleging that the United States Postal Service ("USPS"), through numerous policies, engages in a pattern or practice of discrimination against Hispanic management-level employees and that its policies have a disparate impact on these employees.  The district court dismissed Plaintiffs' individual claims for failure to exhaust and dismissed the class claims for failure to satisfy the requirements of Rule 23.

Special regulations govern the filing of discrimination claims by federal government employees.  See generally 29 C.F.R., Part 1614.[1]  Pursuant to these regulations, employees who wish to file claims of discrimination must first

---

[1]All citations herein are to the 1997 edition of the CFR, which was in effect during the time events relevant to this case occurred.  Some sections have since been renumbered, but no substantive amendments relevant to this case have been made.

"consult a Counselor prior to filing a complaint in order to try to informally resolve the matter."  29 C.F.R. § 1614.105(a) (1997).  If the counseling is unsuccessful, the employee may file a formal complaint with the agency that discriminated against him or her.  Id. § 1614.106.  Employees wishing to file a complaint of class discrimination must follow similar procedures.  Id. § 1614.204. If 180 days passes without a final decision by the agency or the EEOC on an individual or class complaint, the complaining employee may file a civil action against the agency in an appropriate United States District Court.  Id. § 1614.408.[2]

In accordance with these regulations, Plaintiffs pursued their claims within the grievance system set up by the USPS prior to filing the instant action in federal district court.  Between 1994 and 1996, three of the Plaintiffs (Monreal, Medina and Figueroa) filed with the USPS individual complaints of race discrimination and retaliation.[3]  We will refer to the claims asserted in these

---

[2]Now 29 C.F.R. § 1614.407.

[3]The claims asserted in these complaints were:
- In November 1994, Plaintiff Medina alleged that Area Vice President Craig Wade did not select him for promotion to the position of Manager of Operations for the Western Area in August 1994, or the position of District Manager, Denver, in September 1994.
- In May 1995, Plaintiff Monreal alleged that on January 3, 1995, he was not selected for the position of Postmaster in Austin, Texas.
- In March 1996, Plaintiff Monreal alleged that on December 9, 1996, the Customer Services Manager reduced the staffing of the San Angelo Post

(continued...)

- 4 -

complaints as "individual administrative claims." For over 180 days, the USPS did not act on any of these complaints.

In June 1996, five of the Plaintiffs (Monreal, Figueroa, Ortiz, Candelaria and Medina) initiated a class complaint of discrimination on behalf of certain management-level current and former Hispanic employees of the USPS. See 29 C.F.R. § 1614.204. They first filed a request for counseling, which asserted individual claims of discrimination and challenged fourteen allegedly discriminatory agency actions or policies: 1) a discriminatory Corporate Succession Planning Process; 2) a hostile and retaliatory environment that deterred class members from complaining about Title VII violations; 3) retaliation against class members who complained about Title VII violations; 4) inequitable merit raises, promotions, and bonuses; 5) unjustifiably low evaluations; 6)

_____

[3](...continued)
Office Business Mail Entry Section by 20 hours per week.
- In June 1996, Plaintiff Figueroa alleged that he was discriminated against on April 2, 1996, when his supervisor, Henry Palmer, told him he would face possible discipline for discrepancies in record-keeping unless he requested a voluntary transfer to San Antonio, Texas.
- In July 1996, Plaintiff Monreal alleged that he was retaliated against on March 22, 1996, when he received an unacceptable merit rating, was denied a lump sum payment and was not provided with information about the merit ratings of other postmasters.
- In September 1996, Plaintiff Medina alleged that he was discriminated and retaliated against when Area Vice President Craig Wade awarded him an insufficient pay raise and bonus, and unjustly accused him of failing to perform his duties.

inadequate investigation of EEO complaints; 7) non-selection for promotion and arbitrary demotion; 8) failure to inform class members of advancement opportunities; 9) excessive discipline; 10) inadequate rewards; 11) humiliation; 12) discontinuation of programs designed for the advancement of class members; 13) failure to honor existing Title VII settlement agreements; and 14) "other" agency actions "which damage the class members."

In September 1996, after they had pursued the required course of counseling, all seven Plaintiffs, as agents of a class of Hispanic employees, filed a class administrative complaint, alleging the same fourteen grounds of discrimination as well as all of the individual claims of discrimination alleged in the initial counseling request. Six of the Plaintiffs also added additional individual allegations of discrimination, but these did not include the individual administrative claims that Medina, Figueroa and Monreal had previously asserted in their individual complaints. We will refer to the allegations of individual discrimination that were presented in this class administrative complaint as "individual class administrative claims." [4]

_____

[4]These claims are:

- Plaintiff Monreal alleged that 1) on May 31, 1996, he received a temporary assignment in Abilene, Texas, which was not an advancement opportunity, despite the requirement in a settlement agreement that it be one; 2) on May 24, 1996, he was denied a promotion to the position of Postmaster,

(continued...)

- 6 -

The class complaint was transferred to the EEOC as required by 29 C.F.R. § 1614.204(d). One hundred and eighty days passed without a decision by the USPS or EEOC on this complaint. On March 19, 1997, believing that they had exhausted all claims—class and individual—alleged in the class administrative complaint by waiting 180 days, Plaintiffs filed this action in the District of

---

[4](...continued)
Springfield, Missouri; 3) on June 13, 1996, he was denied a promotion to the position of Postmaster, Erie, Pennsylvania, on the ground that he needed additional developmental training and assignments, which he allegedly had been denied in violation of a pre-existing settlement agreement; and 4) that a supervisor made a retaliatory threat to fire him on July 1, 1996, for participating in the class action, verbally abused him on July 30, 1996, and attempted to intimidate him on August 5, 1996.

- Plaintiff Figueroa alleged that he was transferred involuntarily and demoted in retaliation for filing his individual administrative complaint, and that on June 20, 1996, he was falsely informed that charges were pending against him as a result of an Inspection Service investigation.
- Plaintiff Ortiz alleged that his supervisors harassed him, removed him from his position and denied him a merit pay increase.
- Plaintiff Candelaria alleged that he had been denied a promotion and pay in violation of a prior settlement agreement, and that he was subjected to humiliation and abusive language by a manager.
- Plaintiff Sanchez alleged that in 1992 he was discriminatorily rejected for a position; that in January 1993 he was rejected for a position in favor of an unqualified employee selected by a USPS vice president; that in July 1995 he was removed from an assignment in favor of an unqualified employee; that in February 1996 he was wrongfully denied an award for his accomplishments; and that he had failed to timely file EEO charges on these claims because of fear of reprisal.
- Plaintiff Naranjo alleged that he had been deterred from seeking promotion and advancement to PCES executive ranks by his fear of being "cut down," by the lack of an effective EEO program to protect his rights, and by having been deprived of information necessary to seek advancement.

Colorado. The complaint essentially made the same allegations, both class and individual, as the class administrative complaint, except that Plaintiffs Ortiz and Naranjo both added claims that they had been deterred from bringing Title VII claims by a hostile and retaliatory environment. The complaint explicitly excluded, however, the individual claims made by Plaintiffs Monreal, Figueroa and Medina in their individual administrative complaints, which they were still pursuing before the USPS.

Shortly after the civil action was filed in the district court, the EEOC remanded the class administrative complaint, which had been filed with it over six months earlier, to the USPS to dismiss under 29 C.F.R. § 1614.107(c).[5] Section 1614.107(c) instructs the agency to dismiss a complaint when over 180 days has passed since the complaint was filed and the complaint is the "basis of a pending civil action in a United States District Court in which the complainant is a party."

In May 1997, Plaintiffs first amended their complaint to add allegations regarding recent instances of discriminatory actions. The First Amended Complaint also expressly reiterated that the Plaintiffs did not seek relief on any of the claims which were still pending as individual administrative complaints with

_____

[5]Now 29 C.F.R. § 1614.107(a)(3).

the USPS, and to the extent which any similar facts were alleged, they were solely "for purposes of illustration and clarity."[6]

Despite this explicit disclaimer, from May through September 1997, the USPS issued decisions dismissing the individual administrative complaints of Plaintiffs Monreal, Medina and Figueroa because they were the "basis of a pending civil action in a United States District Court in which the complainant is a party and 180 days have passed since the filing of the formal complaints of discrimination." The dismissals were entered even though these three Plaintiffs had expressly excluded these claims from the class action complaint in federal district court.

Plaintiffs Monreal and Figueroa did not appeal the USPS's dismissal of their claims. Plaintiff Medina appealed the dismissal of one of his claims to the EEOC as permitted by § 1614.401(a). In September 1998, the EEOC dismissed Medina's appeal on the ground that the claim had been alleged in the district

---

[6]Nevertheless, it does not appear that any of the facts related to Medina, Figueroa, and Monreal's individual administrative claims were included in the original complaint or First Amended Complaint. All of the facts alleged in the original and First Amended Complaints related to other Plaintiffs or to instances of discrimination not included in Medina, Figueroa, and Monreal's individual administrative complaints.

court proceeding. Medina did not thereafter request reconsideration, as permitted by § 1614.407.[7]

On June 23, 1997, the USPS moved to dismiss the First Amended Complaint. At a November 1997 hearing on the motion, the district court indicated its belief that although Plaintiffs had exhausted their administrative remedies with respect to the class claims in the class administrative complaint, they had not appropriately exhausted their administrative remedies with respect to the individual claims in the class administrative complaint. The district court then dismissed Plaintiffs' First Amended Complaint and proposed Second Amended Complaint for failure to comply with the "plain statement" requirement of Rule 8(a), but granted them permission to file a Third Amended Complaint. The district court also stayed discovery on class certification at this hearing.

As instructed by the district court, Plaintiffs filed their Third Amended Complaint. Apparently reacting to the district court's statements at the hearing regarding the exhaustion of the individual class administrative claims, Plaintiffs removed all reference to these claims from the Third Amended Complaint and asserted only the class claims. The USPS moved to dismiss again. The district court held a hearing on May 27, 1998. Seeming to contradict its previous statements implying that the administrative remedies for the individual claims had

---

[7]Now 29 C.F.R. § 1614.405(b).

not been exhausted and should therefore be removed, it ordered Plaintiffs to file a Fourth Amended Complaint "with specific allegations [of discrimination] as to each of the individual plaintiffs."

In compliance with this order, on July 2, 1998, Plaintiffs filed their Fourth Amended Complaint, alleging that the USPS engaged in a pattern or practice of discrimination against Hispanic employees of specified management-level positions in regard to their opportunities for advancement and promotion, as well as a pattern or practice of retaliating against that class of employees when they protested such discrimination. They also alleged that the USPS's policies had a disparate impact on Hispanic employees. The Plaintiffs who had filed individual administrative claims (Monreal, Medina and Figueroa) specifically asserted those individual claims, which had been dismissed by the USPS, and all Plaintiffs asserted their individual class administrative claims, which had also been dismissed by the USPS.

In October and November 1998, the USPS moved to dismiss Plaintiffs' individual claims from the Fourth Amended Complaint for failure to exhaust administrative remedies. On December 4, 1998, the district court held hearings on the individual claims of three of the Plaintiffs (Candelaria, Medina and Figueroa) and granted the USPS's motion to dismiss those claims. The district court determined that the Plaintiffs who had filed individual administrative

complaints were obligated to appeal the USPS's dismissal of those complaints to the EEOC—and seek reconsideration if their appeal was denied—before filing a civil action. It also determined that the Plaintiffs who had asserted their individual claims in the class administrative complaint were obligated separately to file and exhaust individual administrative complaints covering the same claims of discrimination. Thus, it dismissed all of Plaintiffs' individual claims for failure to exhaust. Two years later, on December 1, 2000, the district court dismissed the individual claims of the four remaining Plaintiffs (Monreal, Ortiz, Sanchez and Naranjo) on the same grounds.

Although all individual claims had been dismissed at this point, the district court did not dismiss the Fourth Amended Complaint and ordered Plaintiffs to move for class certification. On February 15, 2001, the Plaintiffs filed a motion to certify. On March 4, 2002, without a hearing, the district court denied class certification and dismissed the complaint because of the Plaintiffs' failure to satisfy the requirements of Rule 23.

Plaintiffs timely appealed. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because we find that Plaintiffs did exhaust their individual claims, we REVERSE the district court's dismissal of these claims and REMAND for further proceedings. Because we agree with the district court that

Plaintiffs did not satisfy the requirements of Rule 23, we AFFIRM its denial of class certification.

## II.   INDIVIDUAL CLAIMS

After the filing of the Fourth Amended Complaint, which included the individual claims that the Plaintiffs had asserted in their individual administrative complaints and the individual claims that the Plaintiffs had asserted in the class administrative complaint, the USPS moved to dismiss all of the individual claims for Plaintiffs' respective failures to exhaust administrative remedies. The district court treated the individual administrative claims differently from the individual class administrative claims, but dismissed all of them for failure to exhaust.

We agree with the parties that the district court's treatment of the individual administrative claims was erroneous and must be reversed. We find that Plaintiffs also exhausted their individual class administrative claims and reverse on this issue as well.

### A.   Individual Administrative Claims

The district court dismissed the individual administrative claims that three of the Plaintiffs (Figueroa, Medina and Monreal) added as part of the Fourth Amended Complaint after the USPS had dismissed the claims on the basis that

180 days had passed since their filing and the claims were part of a pending civil action. The district court held that Plaintiffs had failed to exhaust their administrative remedies because they did not appeal the USPS's dismissal of their claims or, if they had appealed (as Medina had), because they did not ask for reconsideration after the appeal had been denied.

The parties agree that the district court's conclusion that these Plaintiffs had failed to exhaust these claims was erroneous. Under 29 C.F.R. § 1614.408(a), a complainant may file an action in federal court after receiving the agency's final decision on an administrative complaint. In this case, the dismissals were clearly labeled "Final Agency Decision," thus triggering Plaintiffs' rights to file civil actions. Although complainants have the option to appeal an agency's dismissal to the EEOC, id. § 1614.401(a), and to request reconsideration if their appeal is denied, id. § 1614.407(b), neither action is required for exhaustion purposes by § 1614.408(a). Thus, the individual administrative claims of Monreal, Medina and Figueroa which were asserted in the Fourth Amended Complaint should not have been dismissed for lack of exhaustion.

Nevertheless, the USPS contends that some of these claims should be dismissed because they were not timely filed in the district court. A complainant must file a civil action within 90 days of receipt of a final decision. 29 C.F.R. § 1614.408(a). The claims asserted in Medina's second individual administrative

complaint and Figueroa's individual administrative complaints were dismissed by the USPS in May 1997, and the Plaintiffs did not add these claims to the civil action until the Fourth Amended Complaint in July 1998. Thus, argues the USPS, these claims did not satisfy the 90-day deadline.

We agree with Plaintiffs that this argument has been waived. See 29 C.F.R. § 1614.604(c) (providing that the "time limits in [part 1614] are subject to waiver, estoppel and equitable tolling"); Harms v. Internal Revenue Serv., 321 F.3d 1001, 1006 (10th Cir. 2003) ("The requirement that a plaintiff file a timely civil action after the disposition of an individual EEO complaint is not a jurisdictional requirement, but rather is subject to waiver, estoppel, and equitable tolling."). Nowhere in the record below does the USPS raise the argument that these claims are time-barred. In fact, the USPS dismissed the claims for the very reason that the claims had been included in the original March 1997 complaint filed in the district court. Now, on appeal, the USPS tries to argue for the first time that the claims were not added until the Fourth Amended Complaint. Generally, a "'federal appellate court does not consider an issue not passed upon below,'" see Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992) (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976)), and we decline to do so now. The USPS has waived any defense based on the untimely filing of Plaintiff Figueroa and

Plaintiff Medina's claims in district court. We reverse and remand these claims for further proceedings.

### B.    Individual Class Administrative Claims

The district court also dismissed the individual claims of the Plaintiffs that were originally asserted in the class administrative complaint. It reasoned that individual claims of discrimination could not be exhausted through presentation in a class administrative complaint.

We conclude that individual allegations of discrimination can be exhausted through a class administrative complaint and accordingly reverse the district court's judgment. Although the EEOC regulations do address individual and class complaints in separate sections, see 29 C.F.R. § 1614.106 (1997) ("Individual complaints"); id. § 1614.204 ("Class complaints"), we find that they do not mandate exclusive presentation of individual claims of discrimination in individual complaints. Section 1614.408, which governs the filing of civil actions following administrative complaints, provides:

> A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> 1.    Within 90 days of receipt of the final decision on an individual or class complaint if no appeal has been filed;

2. After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final decision has not been issued;

3. Within 90 days of receipt of the Commission's final decision on an appeal; or

4. After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.408.

Based on this section, we can see that the following persons are authorized to file civil actions in United States District Court within the prescribed time periods: 1) "a complainant who has filed an individual complaint"; 2) "an agent who has filed a class complaint"; and 3) "a claimant who has filed a claim for individual relief pursuant to a class complaint." Id. (emphasis added).

We find that, as "agent[s] who ha[ve] filed a class complaint," Plaintiffs were permitted to assert their individual claims in this civil action.[8] Section

_____

[8]We reject Plaintiffs' argument that they were "claimant[s] who ha[ve] filed [] claim[s] for individual relief pursuant to a class complaint." We believe the "claimants" identified in § 1614.408 are persons identified in § 1614.204(*l*)(3), a particular provision in the regulation governing class complaints. This provision allows "claimants" to assert claims for individual relief after an agency finding of class-wide discrimination. It provides that:

When discrimination is found in the final [agency] decision and a class member believes that he or she is entitled to individual relief, the class member may file a written claim with the head of the agency or its EEO Director within 30 days of receipt of notification by the agency of its final

(continued...)

- 17 -

1614.204(a)(3) defines a class agent as "a class member who acts for the class during the processing of the class complaint." Each of the Plaintiffs in this case were identified as agents of the class in the Pre-Complaint Request for Counseling and/or the Class Administrative Complaint. The USPS argues, however, that, as agents of a class, Plaintiffs were permitted to file a civil action alleging <u>class</u> claims only. <u>Individual</u> claims, the USPS argues, must have been

---

[8](...continued)
decision. The <u>claim</u> must include a specific, detailed showing that the <u>claimant</u> is a class member who was affected by a personnel action or matter resulting from the discriminatory policy or practice, and that this discriminatory action took place within the period of time for which the agency found class-wide discrimination in its final decision. . . . The agency shall issue a final decision on each such claim within 90 days of filing. Such decision must include a notice of the right to file an appeal or a <u>civil action</u> in accordance with subpart D of this part and the applicable time limits.

<u>Id.</u> § 1614.204(*l*)(3) (emphasis added).

The use of the particular words "claimant" and "individual relief" links this provision to the language in § 1614.408. Additionally, § 1614.204(*l*)(3) specifically notes that such a "claimant" may bring a civil action if his claim is denied. Thus, when § 1614.408 refers to the "claimant[s] who ha[ve] filed [] claim[s] for individual relief pursuant to a class complaint," we believe it refers back to this specific group of people identified in § 1614.204(*l*)(3).

In this case, because there was no agency finding of class-wide discrimination and Plaintiffs did not file claims of individual relief pursuant to that finding as permitted by § 1614.204(*l*)(3), they are not the "claimants" identified in § 1614.408, and thus not entitled to bring a civil action as such.

presented separately to the USPS in individual complaints and exhausted before they could be presented in a civil action.

This argument fails for two reasons. First, the regulations expressly contemplate the filing and processing of individual claims through a class administrative complaint. Subsection (*l*) of the "Class complaints" section provides that:

> When class-wide discrimination is not found, but it is found that the class agent is a victim of discrimination, § 1614.501 [Remedies and relief] shall apply. The agency shall also, within 60 days of the issuance of the final decision finding no class-wide discrimination, issue the acknowledgment of receipt of an individual complaint as required by [the subsection governing individual complaints] and process in accordance with the provisions of subpart A of this part, each individual complaint that was subsumed into the class complaint.

Id. § 1614.204(*l*)(2). Thus, if no class-wide discrimination is found, this section instructs that any individual complaint by a class agent subsumed within the class complaint be processed under the section dealing with individual complaints. In this case, however, the individual complaints were never so processed because the agency did not make a finding that there had been no class-wide discrimination. Plaintiffs should not be prejudiced by the agency's particular disposition of the class proceeding which, in any event, by its dismissal of the proceeding effectively exhausted the subsumed individual agent claims as well.

The "Class complaints" section also requires the administrative judge adjudicating the complaint to make findings in his report on "systemic relief for

- 19 -

the class and any individual relief, where appropriate, with regard to the personnel action or matter that gave rise to the complaint." Id. § 1614.204(*i*)(1). If the judge "finds no class relief appropriate," he is instructed to "determine if a finding of individual discrimination is warranted and, if so, [to] recommend appropriate relief." Id. § 1614.204(*i*)(2). This subsection also indicates that the EEOC anticipates that allegations of individual discrimination warranting relief may be presented through a class complaint. Thus, the regulations support the proposition that individual claims may be exhausted through a class administrative complaint.

We also find that the policies underlying the requirement of exhaustion—"protecting administrative agency authority and promoting judicial efficiency"—are satisfied in this case. McCarthy v. Madigan, 503 U.S. 140, 145 (1992), *superseded by statute on other grounds*. First, the administrative authority of the EEOC and the USPS are sufficiently protected. Because the individual claims were presented as such in the class complaint, the agency was fully on notice of them. Nevertheless, it chose not to investigate.

Although we have held that class claims cannot be exhausted through an individual complaint, Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997); Gulley v. Orr, 905 F.2d 1383, 1384-85 (10th Cir. 1990), that situation is distinct from the one presented here. In Belhomme, we reasoned that a class

claim could not be exhausted through an individual complaint because the agency was not sufficiently notified of the complainant's intent to raise class allegations through his filing of an individual complaint. See Belhomme, 127 F.3d at 1217 ("On Mr. Belhomme's claim for class-action status under Title VII, the district court properly dismissed the issue because Mr. Belhomme failed to raise the claim at any point in the administrative process before the Air Force or EEOC.") (emphasis added). The same reasoning does not apply in this case. Plaintiffs clearly made claims of individual discrimination within the class complaint, as indeed they were required to do in order to demonstrate their qualification to serve as class representatives. 29 C.F.R. § 1614.204(a)(2)(iii) (requiring that class agents' claims be typical of those of the class). The USPS cannot contend that it was unaware that Plaintiffs had individual complaints of discrimination. See Gulley, 905 F.2d at 1384 (observing that the class administrative complaint was designed as a "mechanism . . . through which an individual could assert class claims in the context of his own individual discrimination claims"). It had ample notice and opportunity to adjudicate these individual claims itself and did not do so within the prescribed time period.

The policy of judicial efficiency also favors Plaintiffs. Requiring class agents to file both a class complaint and separate individual complaints would be a waste of time when all allegations can be presented together in a class

complaint. Further, requiring separate exhaustion of the class allegations and the class agent's individual allegations that form the basis of the class allegations could create conflicting deadlines for filing a civil action such that all the deadlines could not be satisfied. See 29 C.F.R. § 1614.408 (requiring that the complainant wait at least 180 days for a decision from the agency before filing a civil action and requiring that such an action be filed within 90 days of a final decision).[9] For these reasons, we conclude that Plaintiffs exhausted their individual claims through presentation in the class complaint and reverse and remand these claims to the district court.

## III.   CLASS CERTIFICATION

Plaintiffs' Fourth Amended Complaint asserts discriminatory pattern-or-practice and disparate impact claims on behalf of

---

[9]Consider, for instance, a complainant who filed an individual complaint of discrimination and a class complaint of discrimination on the same day—January 1, 2003. Assuming that the agency acts on his individual complaint on February 1, 2003, the complainant would be required to file his civil action based on that individual complaint within 90 days, or no later than May 2, 2003.

With respect to his class complaint, however, assume the agency takes no action. The complainant is required to wait 180 days from the date of the filing of his class complaint—until July 1, 2003, until he may file a civil action. Thus, there is no window of time during which the complainant could simultaneously file a civil action containing both his individual and class claims.

the class of all Hispanic persons who, at the time the discrimination occurred, were employees of the U.S. Postal Service as Postmasters (all levels) or as Level EAS 15 and up through [Postal Career Executive Service] level, who have suffered from race discrimination with respect to the terms and conditions of their employment, or promotions, or retaliation, from May 5, 1996, or after.

The Complaint asserts that this class of employees was subjected to: 1) discrimination in the terms and conditions of employment, including but not limited to: unjust promotion practices, inequity in compensation, unjust evaluations, improper job shifting and assignments, unjust discipline, under-recognition of contributions, disrespectful treatment of the person, inequity in training/information for advancement, and other terms and conditions of work; 2) the creation of a continuing hostile and retaliatory working environment that is so offensive and threatening as to actually deter Hispanic Postmasters and managers from seeking advancement, and from making or supporting Title VII charges; and 3) the infliction of continuing and serial retaliation on Hispanic Postmasters and managers who make or support Title VII charges. According to the Complaint, these policies were "fostered, maintained, participated in, condoned, ratified, and/or approved by officers and top officials of the Postal Service including without limitation, Marvin Runyon, Michael Coughlin, William Henderson, Charles Kernan, and Craig Wade."

In support of these claims, the Fourth Amended Complaint cites Postal Service statistics to show that Hispanics constitute a proportionately lower

number of managers than do whites. Plaintiffs also allege that the USPS has "received numerous complaints of discrimination and retaliation" by class members and offer ninety-three declarations of discrimination that they obtained from potential class members through preliminary investigation.

Based on these claims, the Plaintiffs request the following relief: compensatory damages, including but not limited to those for emotional suffering; payment for lost income and benefits, including front and back pay; where appropriate, reinstatement or, in the alternative, front pay; appropriate declaratory and/or injunctive relief, including final injunctive relief; pre-judgment and post-judgment interest at the highest lawful rate; attorney and expert witness fees and costs; and such further relief as justice may require.

The district court held that Plaintiffs' class allegations failed in three ways: 1) they made reference to the merits of the case in defining the class; 2) they failed to satisfy the commonality requirement of Rule 23(a)(2); and 3) they did not satisfy any of the requirements of Rule 23(b). "The decision to grant or deny certification of a class belongs within the discretion of the trial court." Reed v. Bowen, 849 F.2d 1307, 1309 (10th Cir. 1988). Because we find that Plaintiffs failed to satisfy the requirements of Rule 23(b), we conclude that the court did not

abuse its discretion in denying Plaintiffs' motion for class certification and dismissing these claims.[10]

To succeed on a motion for class certification, Plaintiffs must satisfy at least one subsection of Rule 23(b). In this case, Plaintiffs contend that they satisfy subsections (b)(2) and (b)(3). Under these sections,

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> . . .
> (2)   the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3)   the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b). Even if we assume that the "prerequisites of subsection (a) are satisfied," we conclude that Plaintiffs have failed to satisfy the requirements of Rule 23(b)(2) or (b)(3).

---

[10]We need not focus on the "class definition" issue because we can uphold the district court's rulings on the basis of its Rule 23(b) analysis.

Under Rule 23(b)(2), "the party opposing the class [must] ha[ve] acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." The district court rejected the applicability of this section because Plaintiffs failed to point to any particular policy that the USPS applied to the entire class and because any claim for injunctive or declaratory relief that Plaintiffs asserted was subsidiary to their claim for damages.

The district court did not abuse its discretion in so finding. First, we agree that Plaintiffs simply have not articulated a policy—besides generalized non-compliance with Title VII—that could be the subject of injunctive or declaratory relief, nor does the Fourth Amended Complaint request any specific relief of this type. The Fourth Amended Complaint only generally asks for "appropriate declaratory and/or injunctive relief, including final injunctive relief." Federal Rule of Civil Procedure 65(d) requires that injunctions be "specific in terms" and "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Based on the breadth of the discriminatory actions alleged by Plaintiffs, we cannot conceive of an injunction that would satisfy these requirements. See Keyes v. Sch. Dist. No. 1, Denver, Colo., 895 F.2d 659, 668 & n.5 (10th Cir. 1990) ("[G]enerally, injunctions simply requiring the defendant to obey the law are too vague [to satisfy Rule 65].")

(striking injunction prohibiting defendants "from discriminating on the basis of race, color or ethnicity in the operation of the school system" and directing defendants "to use their expertise and resources to comply with the constitutional requirement of equal education opportunity for all who are entitled to the benefits of public education in Denver, Colorado").[11]

The district court also refused to certify a (b)(2) class because it found that the relief sought was primarily monetary damages. See Fed. R. Civ. P. 23 advisory committee's note ("[Subdivision (b)(2)] does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages."). Because the variety of claims asserted in the Complaint do not lend themselves to the formulation of appropriate class-wide injunctive or declaratory relief and because it is clear from the pleadings here that the primary relief sought is monetary damages, the district court did not abuse its discretion in denying certification on this ground. See Boughton v. Cotter Corp., 65 F.3d 823, 827 (10th Cir. 1995).

The district court also found that Plaintiffs did not satisfy the requirements of 23(b)(3). Class actions under (b)(3) must have "questions of law or fact

[11]We do not suggest that a plaintiff must set forth in the pleadings the requested injunction to the specificity required by Rule 65. However, the breadth and discontinuity of the acts of discrimination alleged here reveal how ill-suited a class-wide injunction would be that would satisfy the requirements of Rule 65.

common to the members of the class [that] predominate over any questions affecting only individual members" and must be "superior to other available methods for the fair and efficient adjudication of the controversy."

In this case, Plaintiffs do not allege any common issues of fact, and the only common issue of law they assert is a violation of Title VII. The generality of the common issue that they allege is demonstrated by their own argument in their appellants' brief that the "Complaint clearly asserts, at a minimum, that during the class period the USPS had a policy, imposed or allowed at the highest levels of management to intentionally discriminate against Hispanics employed at particular levels of management structure in connection with their advancement and promotion." We conclude that the district court did not abuse its discretion in refusing to certify Plaintiffs' proposed class under Rule 23(b)(3).

Our conclusion that Plaintiffs do not satisfy Rule 23(b)(3)'s predominance criterion is bolstered by a consideration of the district court's alternative ruling on Rule 23(a)'s commonality requirement. In assessing whether Plaintiffs had satisfied the lower standard of commonality required by Rule 23(a), see Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623-24 (1997) (describing the predominance criterion of Rule 23(b)(3) as "far more demanding" that the Rule 23(a) commonality requirement), the district court observed

> Plaintiffs have not identified any specific policy of the Defendant
> purportedly responsible for the alleged discrimination. Nor have Plaintiffs

- 28 -

established any common policy that was applied to the entire class in the same way. To the contrary, despite the "pattern and practice" characterization of their claim, Plaintiffs have not identified any overarching policy which commonly affects the class members. Indeed, no policy of the Defendant purportedly responsible for the discrimination alleged has been articulated with any degree of specificity. Instead, Plaintiffs merely speculate that their particularized claims are the result of a pattern and practice discrimination based upon their national origin.

Although we do not rest our decision upon Rule 23(a), cases that interpret that the commonality requirement of Rule 23(a) illustrate the instant Plaintiffs' inability to satisfy Rule 23(b)(3)'s "far more demanding" requirement that common issues predominate.

The principal Supreme Court case on Rule 23(a) commonality is General Telephone Co. v. Falcon, 457 U.S. 147 (1982) (holding that a Mexican-American employee who was asserting a failure-to-promote claim could not represent Mexican-American applicants who had failure-to-hire claims). The myriad discriminatory acts that Plaintiffs allege (e.g., failure to promote, failure to train, unequal pay, disrespectful treatment, etc.) each require independent legal analysis, and similarly challenge the predominance requirement of Rule 23(b)(3) if not also the commonality requirement of Rule 23(a).[12]

_____

[12]Plaintiffs urge us to consider a "hybrid" certification whereby the liability stage might be certified for class treatment under Rule 23(b)(2) even if the damages stage does not qualify for such treatment. See Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 167-69 (2d Cir. 2001). Compare Lemon v. Int'l Union of Operating Engr's, Local No. 139, AFL-CIO, 216 F.3d 577, 581 (7th

(continued...)

Granting or denying class certification is a highly fact-intensive matter of practicality.  See J.B. *ex rel.* Hart v. Valdez, 186 F.3d 1280, 1289 (10th Cir. 1999); Reed v. Bowen, 849 F.2d 1307, 1309 (10th Cir. 1988) ("Whether a case should be allowed to proceed as a class action involves intensely practical considerations, most of which are purely factual or fact-intensive.  Each case must be decided on its own facts, on the basis of 'practicalities and prudential considerations.'") (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 402-03, 406 n.11 (1980)).  As a practical matter, we cannot envision how a class action trial would proceed in this case.  The prima facie case for a failure-to-promote claim is completely different than that for a hostile environment claim or a retaliation claim, yet Plaintiffs allege all of these.  There is simply no common issue that predominates with respect to this class, nor does Plaintiff identify one.  Thus, we conclude that the district court did not abuse its discretion in denying certification under Rule 23(b)(3).

---

[12](...continued)
Cir. 2000) and Jefferson v. Ingersoll Int'l Inc., 195 F.3d 894, 898 (7th Cir. 1999) with Allison v. Citgo Petroleum Corp., 151 F.3d 402, 420-22 (5th Cir. 1998).  We do not need to rule on a hybrid possibility because in the instant case, the liability stage does not satisfy either Rules 23(b)(2) or 23(b)(3).  The district court's ruling that plaintiffs did not allege a sufficient policy, practice or pattern of discrimination to warrant class treatment for liability determination is not an abuse of discretion.

Finally, Plaintiffs challenge the district court's refusal to allow them discovery on class certification issues. We review the district court's decision for an abuse of discretion. Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1300 (10th Cir. 1999).

Discovery in this case was initially stayed over Plaintiffs' objection in November 1997, and Plaintiffs' motions to lift the stay were denied. Plaintiffs' argument that this decision constituted an abuse of discretion is based on their belief that more statistical or anecdotal evidence could have resulted in class certification. As discussed above, however, Plaintiffs' Fourth Amended Complaint did not fail for lack of statistical evidence, but for failure to identify one or more specific USPS policies that were discriminatory toward or imposed a common disparate impact on the proposed class. Thus, the district court did not abuse its discretion in denying Plaintiffs' motion for discovery.

## IV.   CONCLUSION

Plaintiffs' individual claims were all properly exhausted. We REVERSE and REMAND them to the district court for further proceedings on the individual claims. The district court did not abuse its discretion in refusing to certify a class because Plaintiffs' allegations do not satisfy the requirements of Rule 23(b)(2) or

(b)(3), nor did the district court abuse its discretion in refusing to lift the stay on discovery.  Therefore, its denial of class certification is AFFIRMED.