[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17523
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00782-CLS

KIMBERLY COHELEY,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 7, 2017)

Before MARCUS, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Kimberly Coheley ("Claimant") appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits and supplemental security income ("SSI"), pursuant to 42 U.S.C. §§ 423(a), (c)(2), and 1383(c)(3). No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). We review de novo the district court's determination about whether substantial evidence supports the ALJ's decision. Wilson, 284 F.3d at 1221.

2

A person who applies for Social Security disability insurance or for SSI benefits must first prove that she is disabled.[1] See 20 C.F.R. §§ 404.1512(a), 416.912(a). The claimant bears the burden of proving her disability and must produce evidence supporting her claim. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

The ALJ applied correctly the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920 and determined that Claimant was "not disabled" for purposes of demonstrating eligibility for disability insurance or for SSI benefits. The ALJ first determined that Claimant had engaged in no substantial gainful activity since her application date and that Claimant had two severe impairments: an affective disorder and migraine headaches. The ALJ concluded that Claimant could no longer perform her past relevant work as a dental assistant, nursing assistant, and cashier. The ALJ determined, however, that Claimant had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but should "avoid exposure to strong chemicals, fumes and odors," was "precluded from contact with the general public," and should have "only occasional contact with co-workers." Considering Claimant's age (40), high school education, work experience, and RFC -- together with the vocational

---

[1] A person is considered "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3

expert's testimony -- the ALJ determined that Claimant was capable of performing other work in the national economy.  Accordingly, the ALJ concluded that the medical-vocational guidelines mandated a finding of "not disabled."

## I.

On appeal, Claimant argues that the ALJ erred by failing to give adequate weight to the opinions of Drs. Grant and Wilson.

On 5 August 2011, Dr. Grant (Claimant's treating psychiatrist at CED Mental Health Services) completed a mental health source statement in which he opined that Claimant had either a "marked" or "extreme" degree of limitation in several categories of her mental and social functioning.  For example, Dr. Grant indicated that Claimant had an "extreme" degree of limitation in her ability to understand and remember detailed instructions, to maintain attention and concentration for extended periods, to complete a normal workday and workweek without unreasonable interruptions and rest periods, and in her ability to get along with co-workers without distraction or exhibiting behavioral extremes.  Dr. Grant also opined that Claimant had a "marked" degree of limitation in -- among other things -- her ability to perform scheduled activities, to work in coordination or proximity to others without distraction, and to accept instructions and respond

4

appropriately to criticism.  Because the ALJ determined that Dr. Grant's assessment was inconsistent with Claimant's contemporaneous CED Mental Health Services treatment records, the ALJ explained that he gave no weight to Dr. Grant's mental health source statement.

Absent "good cause" to the contrary, the ALJ must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician.  Crawford, 363 F.3d at 1159.  Good cause may exist under these circumstances: (1) the treating physician's opinion was not bolstered by evidence; (2) evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  The ALJ must articulate clearly reasons for giving less weight to the treating physician's opinion.  Id. at 1241.

Substantial evidence supports the ALJ's decision to give no weight to Dr. Grant's mental health source statement.  Claimant was seen at the CED Mental Health Center -- either by Dr. Grant or by a staff therapist  on 11 March, 10 May, 22 July, and 3 August 2011.  Records for those visits indicate that, although Claimant suffered from bipolar disorder, her symptoms were not as severe as Dr. Grant's statement suggested.  For instance, in the five months before Dr. Grant's statement, Claimant's global assessment of functioning ("GAF") increased steadily from 59 to 62, indicating only mild to moderate symptoms.  Claimant was

5

described as having normal affect, appropriate appearance, full orientation, and normal thought content and process. During the July and August 2011 visits Claimant's mood was characterized as "euthymic" and appropriate. Visit records also demonstrate that Claimant acted as a caretaker for her family -- including taking family members to doctors' appointments -- and that Claimant had worked as a volunteer helping local storm victims. This evidence appears inconsistent with Dr. Grant's opinion that Claimant had marked or extreme limitations. Thus, "good cause" existed to discount Dr. Grant's opinion. See id. at 1240-41.

Dr. Wilson (a psychologist) conducted psychological evaluations of Claimant in March 2008 and again in June 2009. In pertinent part, Dr. Wilson twice opined that Claimant's "level of disturbance is so severe that it is highly unlikely that she will be able to maintain employment." Dr. Wilson also twice assigned Claimant a GAF score of 48. The ALJ gave this opinion little weight, explaining that it was based largely on Claimant's self-report, was inconsistent with the medical record as a whole, and was contradicted by Claimant's more recent medical records from the CED Mental Health Center.[2]

The ALJ's reasons are supported by substantial evidence. The CED Mental Health Center records from 2011 demonstrate that Claimant's GAF score had

---

[2] The ALJ also stated that nothing evidenced that Dr. Wilson had access to Claimant's entire medical record. Claimant disputes this finding. Because the ALJ's other reasons are sufficient to establish "good cause," this alleged error does not change our decision.

6

improved significantly from Dr. Wilson's 2008 and 2009 evaluations and that Claimant was involved in caring for her family and in volunteer efforts: evidence that tended to undercut the severity of symptoms reported by Dr. Wilson. Moreover, Dr. Wilson's opinion that Claimant was "unable to work" is entitled to no weight because that is an administrative determination reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(d), 416.927(d). Also, because Dr. Wilson examined Claimant only twice, he was no treating physician; and his opinion is unentitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987).

## II.

Claimant next challenges the ALJ's determination about her RFC. In assessing Claimant's RFC, the ALJ determined that Claimant had some degree of limitation from her medically-determinable impairments. The ALJ explained, however, that Claimant's statements about the severity of her symptoms lacked credibility.[3] After considering Claimant's hearing testimony, medical history, and medical opinions, the ALJ determined that Claimant -- despite her limitations -- was "capable of understanding, remembering and carrying out simple instructions;

---

[3] Claimant raises no challenge to the ALJ's credibility determination on appeal.

capable of exercising basic judgment in the work setting; capable of dealing effectively with co-workers and supervisors; and, capable of adjusting to changes in a routine work setting." The ALJ also noted that Claimant should "avoid exposure to strong chemicals, fumes and odors," avoid interactions with the general public, and have only occasional interactions with co-workers.

The ALJ explained adequately the basis of the RFC determination[4] and the ALJ's RFC determination is supported by substantial evidence. The record evidences that Claimant was capable of living independently and performing activities of daily living: Claimant was able to drive, get her child ready for school in the morning, do laundry, shop, cook with minimal assistance, and go to doctor's appointments. Claimant's most recent medical records also indicate that she suffered only mild symptoms from her bipolar disorder and that her migraines could be managed effectively with medication. Moreover, the ALJ took Claimant's migraines and anxiety into account by noting that Claimant was subject to environment limitations and limitations on her interactions with the general public and with co-workers.

Substantial evidence supports the Commissioner's denial of disability insurance and of SSI benefits; we affirm.

AFFIRMED.

---

[4] We reject Claimant's contention that the ALJ's determination about Claimant's RFC was conclusory or insufficiently detailed to satisfy SSR-96-8p.

8