# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2028
_____

Vernon Lee

*Plaintiff - Appellant*

v.

Douglas A. Collins, Secretary of Veterans Affairs[1]

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 10, 2025
Filed: July 10, 2025
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

ARNOLD, Circuit Judge.

Vernon Lee, an African-American former employee of the Kansas City Veterans Administration Hospital, brought disparate treatment, hostile work

_____

[1]Douglas A. Collins has been appointed to serve as Secretary of Veterans Affairs and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

environment, retaliation, and constructive discharge claims against the Secretary of Veterans Affairs under Title VII. *See* 42 U.S.C. § 2000e-16. He alleged that the Department of Veterans Affairs had engaged in race discrimination as well as other forms of discrimination. But the district court held that Lee failed to exhaust the first three claims and that Lee's work conditions were not intolerable enough to support the last claim, so it granted the Secretary summary judgment. Because we conclude that the first holding is erroneous, but not the second, we affirm in part, reverse in part, and remand for further proceedings.

All the relevant evidence concerning exhaustion is undisputed. Before he brought this suit, while he still worked at the hospital, Lee filed an administrative complaint with the Department of Veterans Affairs. He asserted that the department discriminated against him because of his race and other protected characteristics, allowed a work environment hostile to African-American employees to persist, and retaliated against him for supporting his wife when she testified in a separate employment discrimination matter. The department treated the filing as both an individual complaint, *see* 29 C.F.R. § 1614.106, which it held in abeyance, and a class complaint. *See id.* § 1614.204.

Then Lee resigned and filed another administrative complaint. In that complaint, he alleged that he had suffered continued discrimination, harassment, and retaliation, which led to his constructive discharge. On May 17, 2021, the department allowed the constructive discharge claim to proceed, but it dismissed the new allegations of discrimination, harassment, and retaliation and treated them as an amendment to the individual portion of the earlier complaint. Almost eight months later, on January 10, 2022, the department dismissed the remainder of the second complaint outright. Though his prior complaint was still pending, Lee brought his present claims in the district court on February 9, 2022.

At that point, Lee had exhausted his disparate treatment, hostile work environment, and retaliation claims because he presented them in his first administrative complaint and waited as long as necessary before advancing them in court. When one hundred and eighty days pass from his filing of an administrative complaint and no final action has yet resolved the matter, an employee of the Department of Veterans Affairs may bring his Title VII claims in a civil action. *See* 42 U.S.C. § 2000e-16(c). So, even if we assume that an amendment to an administrative complaint restarts the one-hundred-and-eighty-day period, *cf.* 29 C.F.R. § 1614.106(e)(2), the department's delay in processing Lee's first administrative complaint entitled him to sue in court. That is because, between the last amendment to that complaint, on May 17, 2021, and the commencement of Lee's federal action, on February 9, 2022, more than two hundred and fifty days passed without any disposition of that complaint.

It is irrelevant, for present purposes, that the department held the individual portion of the complaint in abeyance while processing the class portion. Although we doubt that the department can unilaterally toll the one-hundred-and-eighty-day clock by announcing that it will not process an administrative complaint for a period of its choosing, it is enough to observe that the Secretary does not rely on that pause here. Nor, incidentally, does the Secretary contend that the pendency of the class portion of the complaint prevented Lee from exhausting his claims. *Cf. Monreal v. Potter*, 367 F.3d 1224, 1233–34 (10th Cir. 2004).

The Secretary argues instead that Lee failed to exhaust his disparate treatment, hostile work environment, and retaliation claims because he never incorporated allegations from his first administrative complaint in his complaint in the district court, but we cannot agree. Even assuming that the failure to incorporate the allegations would present an exhaustion issue, the difficulty is academic because Lee's complaint in the district court will not bear the Secretary's interpretation. In that complaint, Lee stated no fewer than five times that he was drawing allegations from the first administrative complaint. And those allegations took up more pages in

the court complaint than allegations drawn from the second administrative complaint, on which the Secretary admits that Lee relied. So they were properly presented for the court's consideration.

Though we conclude that the district court erred in dismissing Lee's disparate treatment, hostile work environment, and retaliation claims on exhaustion grounds, we see no error in its dismissal of his constructive discharge claim. In response to the district court's holding that his working conditions would not compel a reasonable person to resign, *see Watson v. McDonough*, 996 F.3d 850, 856 (8th Cir. 2021), Lee does not cite a single piece of countervailing evidence. His references to the bare allegations of his complaint are no substitute. *See Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007); *Parker v. USDA*, 129 F.4th 1104, 1113–14 (8th Cir. 2025). That leaves us without enough information to say that the constructive discharge claim should have survived summary judgment, and we decline to search the record for evidence supporting Lee's argument to that effect. *See Doe v. Univ. of Iowa*, 80 F.4th 891, 899 n.6 (8th Cir. 2023). "That is his job, not ours." *See Couch v. Am. Bottling Co.*, 955 F.3d 1106, 1108 n.2 (8th Cir. 2020). We therefore affirm the dismissal of Lee's constructive discharge claim, reverse the dismissal of his other claims, and remand for further proceedings.

_____