**Johnnie C. THOMAS, Plaintiff,**

**v.**

**Janet RENO, United States Attorney General, Defendant.**

**Civil Action No. 96–00477.**

United States District Court, District of Columbia.

Oct. 24, 1996.

Neil John Welch, Jr., Akin, Gump, Strauss, Hauer & Feld, L.L.P., Washington, DC, for plaintiff.

Johnnie C. Thomas, Silver Spring, MD, pro se.

Darya Geetter, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendant's motion to dismiss or, in the alternative, for summary judgment. The Court heard argument on the motion on October 16, 1996. After considering the motion, all opposition thereto, and the arguments by the parties, the Court hereby grants Defendant's motion for summary judgement.

## BACKGROUND

In 1993, Ms. Carole George, a female African-American employee at the Immigration and Naturalization Service ("INS"), sought counseling from the INS Office of Equal Employment Opportunity ("EEO") and subsequently filed a formal class complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Ms. George's complaint did not identify any class members other than herself. Ms. George also filed several individual complaints with EEO during that period.

On December 12, 1995, Ms. George entered into a settlement agreement with INS to resolve the complaints she had filed against the agency (the "Settlement Agreement").[1] At the time she entered into the Settlement Agreement, Ms. George's class complaint was pending in the administrative process. Ms. George was appealing two INS final decisions to dismiss the class complaint. Those final decisions had followed the recommendations of two separate administrative judges to dismiss Ms. George's complaint, made on April 22, 1994 and August 1994. The second administrative judge had found that the proposed class was overly broad and did not meet any of the four prerequisites of a class action required by Rule 23(a) of the Federal Rules of Civil Procedure.

On February 13, 1996, the Equal Opportunity Employment Council ("EEC") issued a decision vacating both of the Agency's final decisions on Ms. George's complaint and remanding the complaint to INS for further consideration. Ms. Winona Horn, director of EEO at INS, took the position in a letter to the EEC dated March 6, 1996 that the class complaint should be dismissed pursuant to the Settlement Agreement. However, on February 29, 1996, Ms. George sent a letter to the EEC opting out as the class agent on the class complaint and designating Mr. Johnnie Thomas as the new class agent.

Mr. Thomas filed his *pro se* class complaint in this case on March 11, 1996. Prior to filing the complaint, Mr. Thomas had never filed any formal complaint with the INS Office of EEO.

In her motion to dismiss or, in the alternative, for summary judgment, Defendant argued that: (1) the "class" which Plaintiff purports to represent does not exist due to the Settlement Agreement and that (2) Plaintiff has failed to exhaust his administrative remedies and cannot serve as a class representative. Plaintiff opposed Defendant's motion on the grounds that the motion is based on affirmative defenses which cannot support a motion to dismiss, and that summary judgment should not be granted in the alternative because genuine issues of material fact are still in dispute.

## ANALYSIS

The Court hereby grants Defendant's motion for summary judgment on the basis of both grounds raised in her motion. It is not fair to allow Plaintiff to substitute as class agent for the non-certified class in this case; such an outcome would make a mockery of the Settlement Agreement. It is also settled law that Plaintiff must exhaust his administrative remedies before he can serve as class representative.

■ The language of the Settlement Agreement, as incorporated above, extinguished all of Ms. George's pending and subsequent claims against INS. There is no

---

1. Specifically, Ms. George agreed that she would "withdraw with prejudice EEO complaint numbers I–90–5805, I–92–6139, I–92–6074, I–94–6519 and all subsequent complaints filed thereafter." Settlement Agreement ¶ IV. She also agreed that "... she has not filed any other complaints or charges against the Agency ... and that if any [such] agency or court assumes jurisdiction of any complaint or charge against the Agency on behalf of the Complainant, Complainant will withdraw such complaint or charge." Settlement Agreement ¶ VI.

evidence that Ms. George misunderstood the Settlement Agreement or entered it under duress. To the contrary, before signing the Settlement Agreement she agreed that she "had carefully read and fully understands all the provisions of this Settlement Agreement," and that she was "voluntarily entering into this Settlement Agreement." Settlement Agreement ¶ VIII. INS had bargained for a comprehensive settlement incorporating all of Ms. George's claims against the agency; the Settlement Agreement should be read to give INS the benefit of its bargain. Therefore, according to the terms and conditions of the Settlement Agreement, Ms. George was obligated to withdraw and dismiss her putative class action in December 1995. *See Taylor v. Gordon Flesch Company, Inc.*, 793 F.2d 858, 862 (7th Cir.1986) (even an oral agreement under Title VII, if knowingly and voluntarily made, is binding).

Plaintiff claims that Ms. George's individual settlement did not and could not settle the class EEO discrimination complaint. In particular, Plaintiff claims that a class agent proceeding *pro se* cannot bind a class and that Defendants failed to give notice of the Settlement Agreement to absent class members.

But there was no accepted class complaint in place when Ms. George entered into the Settlement Agreement in December 1995. No other alleged "class" members have any rights or interests just by being part of an amorphous group named by a single plaintiff in an administrative complaint. Plaintiff, along with every other "current or former African American at INS headquarters," had no right to be informed about settlement of any claims that were not part of an accepted class complaint that he did not initiate himself.

To uphold Plaintiff's position would turn the class action process into a tag team form of litigation. If upheld, it would be almost impossible to settle lawsuits like the one asserted by Ms. George. No member of the class is bound by Ms. George's settlement. A new class action could be convened at any time. No employee will suffer any prejudice by a dismissal of this lawsuit.

■ It is also the case that Plaintiff has not exhausted his administrative remedies and cannot serve as class representative. Exhaustion of administrative remedies by at least one named plaintiff is a condition precedent to sustaining a class action under Title VII and the Rehabilitation Act. *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395 (D.C.Cir.1988). *See also Wakeen v. Hoffman House*, 724 F.2d 1238 (7th Cir.1983); *Hartman v. Duffey*, 19 F.3d 1459, 1474 (D.C.Cir.1994).

Plaintiff states that he should be deemed to have exhausted his administrative remedies but does not offer facts to support his assertion that would satisfy the exhaustion requirements of Title VII.[2] Since Ms. George is not, and cannot be, a named plaintiff, Plaintiff cannot rely upon her to avoid the exhaustion requirement.

## CONCLUSION

It is not fair for INS to be denied the benefit of the bargain reached in the Settlement Agreement and it is not in anyone's interest for a class complaint to proceed with a flawed jurisdictional base. This plaintiff and other possible class plaintiffs would be better served in an action that is properly positioned for litigation. Accordingly, Defendant's motion for summary judgment is granted, without prejudice. An appropriate order is attached hereto.

## *ORDER*

The Court has considered Defendant's motion to dismiss or, in the alternative, for summary judgement, all opposition thereto, and argument by the parties. The class which Plaintiff purports to represent does not exist because of a settlement agreement reached by the original class plaintiff, Ms. Carole George. Moreover, Plaintiff has not exhausted his administrative remedies. For these reasons, and for the reasons stated in the foregoing opinion, it is hereby

---

2. In particular, Plaintiff went to an initial counseling statement but concedes that he did not pursue the matter further. He has not supported his claim that the EEO Office of INS thwarted his efforts to pursue his administrative remedies fully.

**ORDERED** that Defendant's motion for summary judgment be **GRANTED** without prejudice.