Sandra L. JAMES, et al., Plaintiffs,

v.

Gordon R. ENGLAND, Secretary of the Navy, Defendant.

Civ.A. No. 03–1835(RBW).

United States District Court, District of Columbia.

Dec. 23, 2004.

Joseph D. Gebhardt, Gebhardt & Associates, LLP, Washington, DC, for Plaintiff.

Uldric L. Fiore, Jr., U.S. Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION

WALTON, District Judge.

Currently before the Court are the following pleadings: (1) the Plaintiffs' Motion for Reconsideration of Denial of Class Certification ("Pls.' Mot."); (2) the Defendant's Opposition to Plaintiffs' Motion for Reconsideration of Denial of Class Certification ("Def.'s Opp'n"); and (3) the Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Reconsideration of Denial of Class Certification ("Pls.' Reply"). The plaintiffs advance two positions in their motion. First, that this Court erred in treating the plaintiffs' motion for class certification as a challenge to the Equal Employment Opportunity Commission's ("EEOC") final agency decision ("FAD"), rather than as a request to certify the plaintiffs as a class pursuant to Federal Rule of Civil Procedure Rule 23 ("Rule 23") based upon exhaustion of their individual administrative claims.[1]  Second, that they should be excused for any untimely filings of

this action on equitable tolling grounds. For the reasons set forth below, this Court denies the plaintiffs' Motion for Reconsideration of Denial of Class Certification.

### I. BACKGROUND

The facts of this case were exhaustively discussed in this Court's Memorandum Opinion dated August 27, 2004. *James v. England*, 332 F.Supp.2d 239 (D.D.C.2004). Thus, in this opinion the Court will only set forth the facts pertinent to the issues raised by the plaintiffs in their motion for reconsideration.

The plaintiffs filed their class action complaint with this Court alleging that the defendant, Gordon R. England, Secretary of the Navy, in his official capacity, unlawfully discriminated against them on the basis of gender, race, age and disability, in violation of Title VII of the Civil Rights Act of 1954. *James*, 332 F.Supp.2d at 242. Previously, on August 29, 2001, the individual complainants had filed a motion for class certification with the EEOC and on November 13, 2001, a formal administrative class complaint was filed with the agency. *Id.* at 243. On February 26, 2003, an EEOC Administrative Law Judge ("ALJ") dismissed the class complaint for lack of jurisdiction and the agency's March 21, 2003 FAD was received by the class agent on March 27, 2003, and her counsel on March 28, 2003. *Id.* at 243. As stated in the FAD, the plaintiffs could have challenged the EEOC's determination that it was without jurisdiction to entertain the plaintiffs' class claims by either filing a complaint in federal district court or filing a notice of appeal with the EEOC. Rather than administratively challenging the agency's FAD regarding their class claims or filing those claims in a civil action, the plaintiffs, after exhausting their administrative remedies for their class claims, chose to pursue their individual claims at the administrative level. *Id.* at 250. It was not until September 3, 2003, after exhausting their individual administra-

1. This Court appreciated when it made its initial ruling that the plaintiffs desired to certify a class pursuant to Rule 23 was based on the exhaustion of their individual claims, as opposed to advancing a challenge to the denial of their class claims. Admittedly, the Court may not have been clear in its earlier opinion that it understood the distinction the plaintiff was making. Therefore, this Court is issuing this Memorandum Opinion to further clarify its reasoning for denying the plaintiffs' motion for class certification.

**4**

tive claims, that the plaintiffs filed this lawsuit.

On August 27, 2004, this Court dismissed the plaintiffs' class claims as untimely after concluding that the plaintiffs filed their class complaint with this Court after the 90–day limitations period of 42 U.S.C. § 2000e–16(c) had elapsed. *James*, 332 F.Supp.2d at 250. Because the Court determined that the class claims were untimely and not properly before the Court, it also denied the plaintiff's motion for class certification. *Id.* at 250 n. 5. Although this Court concluded that it was without jurisdiction to review the class claims, it did conclude that the plaintiffs' individual claims were timely and therefore survived the defendant's motion to dismiss. *Id.*

## II. *LEGAL ANALYSIS*

The plaintiffs opine that this Court erred in treating their motion for class certification as a challenge of the agency's FAD,[2] rather than as a request to have their individual claims and those of similarly related parties

certified as a class pursuant to Rule 23. Pls.' Mot at 2. The plaintiffs do not appear to challenge the fact that they failed to timely challenge the FAD denying class certification, but rather assert that the Court may certify them as a class under Rule 23 because the individual claims are properly before the Court.[3] *Id.* at 1–2. Furthermore, the plaintiffs assert that Rule 23 should be liberally construed so as to afford a viable option to individual plaintiffs seeking class certification to bring a Title VII action and argue that Title VII is distinguishable from the Fair Labor Standards Act and the Age Discrimination in Employment Act, as both contain their own opt-in provisions for individual complainants to become members of a class, whereas Title VII does not contain such a provision, leaving Rule 23 as the sole basis for determining the propriety for certifying a Title VII class. *Id.* at 2–3.

■ Rule 23 permits "[o]ne or more members of a class [to] sue or be sued as representative parties" of the class if certain prerequisites are satisfied. Fed.R.Civ.P. 23(a),

---

2. The terms Final Agency Determination and statutory notice of the "right to sue" both refer to the same document, and informed the plaintiffs of their right of appeal, including their right to appeal to the EEOC or to file their claims in federal district court. The terms are used interchangeably throughout this opinion.

3. The plaintiffs also challenge the Court's use of cases from other circuits. First, the plaintiffs claim that the cases cited by the Court, *Monreal v. Potter*, 367 F.3d 1224 (10th Cir.2004) and *Cook v. Boorstin*, 763 F.2d 1462 (D.C.Cir.1985), advance the policy that plaintiffs should be allowed to proceed with class claims in federal court even if they have not exhausted their individual claims. Pls.' Reply at 2. The Court agrees with the plaintiffs' interpretation of these cases. These cases stand for the proposition that under certain situations, a plaintiff need *not* exhaust his or her individual remedies to be part of a class. Thus, this Court reasoned in its earlier opinion that since the plaintiffs were not required to exhaust their individual remedies before proceeding with the class claims in federal court, they cannot use their desire to exhaust their individual claims as an excuse for not challenging the denial of their request for class certification within the 90–day limitations period. *James*, 332 F.Supp.2d at 249–50. Accordingly, the Court did not misconstrue the holdings of these cases, it simply followed their reasoning to their logical conclusion.

In addition, the plaintiffs assert that the holdings of *Wade v. Sec. of Army*, 796 F.2d 1369 (11th Cir.1986) and *Gulley v. Orr*, 905 F.2d 1383 (10th Cir.1990), are inapplicable because in this case the plaintiffs' class claims were administratively exhausted. Pls.' Reply at 2. These opinions make clear that the failure to exhaust ones administrative remedies on one track does not impact a federal court's jurisdiction on the other and thus individuals may be part of a class even through they have not exhausted their individual administrative remedies. *See Gulley*, 905 F.2d at 1384–85; *Wade*, 796 F.2d at 1373. The plaintiffs have administratively exhausted their class claims, but that fact does not alter this Court's reasoning because these claims were not timely challenged. As this Court noted in its initial opinion, while the rulings in *Wade* and *Gulley* are not directly on point, they address the analogous issue of whether the plaintiffs should have exhausted their individual administrative remedies before challenging the administrative decision denying class certification. *James*, 332 F.Supp.2d at 249–50. This Court concluded that one need not exhaust individual administrative remedies before challenging an administrative decision denying class certification but that any challenge to the denial of class certification must be timely. *Id.* In this case, the plaintiffs challenge to the class claim was not timely.

(b).[4] The Supreme Court has therefore held that although Rule 23 has applicability to Title VII actions, "a Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In Title VII actions, "district courts have broad discretion in deciding whether to certify a class," *Lowery v. Circuit City Stores, Inc.,* 158 F.3d 742, 757–58 (4th Cir.1998), *vacated on other grounds,* 527 U.S. 1031, 119 S.Ct. 2388, 144 L.Ed.2d 790 (1999), and the burden of satisfying the class certification requirements of Rule 23 is on the plaintiff. *See Stastny v. S. Bell Tel. and Tel. Co.,* 628 F.2d 267, 276 (4th Cir.1980).

While it is abundantly clear that the plaintiffs are allowed to seek Title VII relief in federal court, and that Rule 23 applies to Title VII cases, *Gen. Tel. Co. of Southwest,* 457 U.S. at 161, 102 S.Ct. 2364, the Supreme Court has concluded that before an action in federal court can proceed, the plaintiffs must first satisfy the applicable "jurisdictional prerequisites." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Thus, although the plaintiffs insist that this Court must liberally construe Rule 23 in Title VII cases because Title VII does not contain an opt-in mechanism, the Supreme Court has held that Title VII plaintiffs must first satisfy the "[jurisdictional] prerequisites to a federal action by (1) filing timely charges of employment discrimination with the EEOC, and (2) *receiving and acting upon* the EEOC's statutory notice of the right to sue." *Puckett v. Tenn. Eastman Co.,* 889 F.2d 1481, 1486 (6th Cir.1989) (emphasis added) (citing *McDonnell–Douglas,* 411 U.S. at 798, 93 S.Ct. 1817). The statutory notice of the right to sue letter mandates that plaintiffs institute a civil suit within 90–days of its receipt as required by 42 U.S.C. § 2000e–16(c). *See Burzynski v. Cohen,* 264 F.3d 611, 619 (6th Cir.2001). The 90–day

period is considered to be "like a statute of limitations," *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and "in the absence of some equitable basis for tolling [the 90–day period], a civil suit filed even one day late is time-barred and may be dismissed." *Burgh v. Borough Council of Borough of Montrose,* 251 F.3d 465, 470 (3d Cir.2001); *see Zipes,* 455 U.S. at 393, 102 S.Ct. 1127; *Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 176 (3d Cir.1999). It is undisputed that the plaintiffs did not timely challenge the EEOC's denial of their request for class certification. Nonetheless, the plaintiffs seek to have this Court certify a class based upon their individual claims, which have survived the defendant's motion to dismiss. Pls.' Mot. at 1. The plaintiffs opine that since their administrative remedies regarding their individual claims were properly exhausted, "the agency determinations against administrative class certification are wholly irrelevant for *de novo* proceedings in U.S. District Court arising out of the individual claims, including *de novo* application for class certification under Rule 23." *Id.* at 4.

■ This Court finds that the plaintiffs' argument is inconsistent with cases that have construed Title VII. As noted above, the Supreme Court has ruled that the plaintiffs must satisfy all jurisdictional requirements before initiating Title VII actions in federal court, which, among other things, requires that right to sue letters be timely acted upon. *McDonnell Douglas Corp.,* 411 U.S. at 798, 93 S.Ct. 1817. In this case, all of the plaintiffs failed to timely act on their right to sue letter in regards to the agency's dismissal of their class claims. As already noted, to preserve the right to proceed as a class, the plaintiffs needed to file their class claim within 90 days after the FAD was issued. Having failed to do so, they have lost their ability to proceed as a class even though their individual claims remain alive. Accordingly, because the plaintiffs chose not to administratively appeal the EEOC decision, the

---

4. The prerequisites for class certification are not relevant to the discussion at hand, but a thorough review of the factors can be found in other opinions. *See, e.g., Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 613–19, 117 S.Ct. 2231,

138 L.Ed.2d 689 (1997); *Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Thomas v. Albright,* 139 F.3d 227, 233–34 (D.C.Cir.1998).

plaintiffs had to act in accordance with established law regarding when they were required to file their civil class action, *i.e.*, within 90 days of receipt of the FAD. This Court declines to accept plaintiffs' theory concerning why it would be appropriate to certify the plaintiffs as a class based upon their individual claims, as their position would permit them to circumvent the clear legal structure for pursuing class claims under Title VII.

Moreover, as noted before, "exhaustion of administrative remedies by at least one named plaintiff is a condition precedent to sustaining a class action under Title VII." *Contreras v. Ridge*, 305 F.Supp.2d 126, 132 (D.D.C.2004) (quoting *Thomas v. Reno*, 943 F.Supp. 41, 43 (D.D.C.1996)) (citing *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395 (D.C.Cir.1988), *aff'd* 159 F.3d 637 (D.C.Cir.1997) (unpublished table decision)). And, as this Court concluded in its earlier opinion, one must exhaust class administrative remedies prior to raising such class claims of discrimination in federal court. *James*, 332 F.Supp.2d at 250. Here, the Court does not have before it any administratively exhausted class claims, which if it did would permit it to entertain a motion for class certification. Because the plaintiffs have failed to challenge the dismissal of their class claims in a timely manner, those claims are not properly before the Court.

The plaintiffs also contend that this Court's holding disregards the principle of judicial economy imbedded in Rule 23, which is designed to prevent the waste of judicial resources.[5] Pls.' Mot. at 4–5. The gravamen of the plaintiffs' argument is that their "decision to exhaust [their] individual claims before raising class claims in federal court is consistent with the Federal Rules of Civil Procedure and [was] a matter of practical necessity."[6] Pls.' Reply at 4. The plaintiffs cite *West v. Gibson*, 527 U.S. 212, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999) as support for their position. There, the Supreme Court held that Title VII requires parties to pursue administrative relief first to conserve judicial resources. *Id.* at 218–19, 119 S.Ct. 1906; Pls.' Reply at 3. While judicial economy is clearly an important consideration, it is not paramount to Title VII's 90–day limitations period. *Cf. Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352–53, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) ("although a defendant may prefer not to defend against multiple actions ... once a class has been decertified, this is not an interest that statutes of limitations are designed to protect"). Moreover, other avenues exist that also advance judicial economy, including the consolidation of cases pursuant to Rule 42(a) where appropriate. *Id.* at 353, 103 S.Ct. 2392.

Finally, the plaintiffs posit that the 90–day limitations period associated with the FAD that dismissed their class complaint should have been equitably tolled until all of their individual claims were fully exhausted with the EEOC. Pls.' Mot. at 2 n. 1; Pls.' Reply at 4. Admittedly, this argument is compelling. However, while courts have held

---

5. In addition, the plaintiffs assert that this Court's decision cedes control to the Department of the Navy over when complaints may proceed as a class in this Title VII case. No such transfer of judicial authority has occurred. Rather, all the Court has done is interpret Title VII and the requirements for bringing such claims to federal court as envisioned by Congress when the legislation was enacted.

6. The plaintiffs contend that the result of the Court's decision would require them to run the risk of losing their ability to proceed individually in court if they were first required to challenge in court the dismissal of their administrative class claims. Pls.' Reply at 5. Yes, this Court hypothesized in footnote 3 of its earlier Memorandum Opinion that "if individuals *only* pursue remedies in a class complaint and do not satisfy the exhaustion requirements related to individual claims, such individuals run the risk of losing their right to pursue individual employment discrimination claims." *James*, 332 F.Supp.2d at 249. However, this potential would have only occurred if the plaintiff had made the tactical decision to abandon their individual claims, as the FAD instructed the defendant to process the dismissed class claims as individual claims. And in any event, individual claims had in fact been filed by the plaintiffs. Thus, the plaintiffs did not risk losing their ability to pursue their individual claims by challenging the dismissal of their class claims since they were pursuing their claims on both the class and individual tracts. In other words, dismissal of the plaintiff's class claims by the Court would not have impaired their ability to pursue their individual claims as the plaintiffs suggest.

that the 90–day period is subject to equitable tolling,[7] no such claim was raised in the plaintiffs' prior pleadings. As such, arguments that should have been previously raised, but are only raised for the first time in a motion for reconsideration, will not be entertained by this Court. *Summitt Investigative Serv., Inc. v. Herman,* 34 F.Supp.2d 16, 26–27 (D.D.C.1998) ("it is a cardinal tenet of federal-civil practice that a court—trial or appellate—will not consider matters raised for the first time in a motion for reconsideration") (citing *CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.,* 97 F.3d 1504, 1526 (1st Cir.1996); *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995); *American Meat Inst. v. Pridgeon,* 724 F.2d 45, 47 (6th Cir. 1984)).

### III. *CONCLUSION*

For the reasons set forth in the foregoing discussion, this Court finds that the plaintiffs may not seek a trial *de novo* as a class under Rule 23 because they failed to timely challenge the administrative denial of their class claims by timely acting on the FAD that dismissed those claims. Moreover, while the 90–day appeal period is subject to equitable tolling, the plaintiffs failed to advance this position in prior pleadings submitted in opposition to the defendant's dismissal motion, and thus, this Court will not entertain this argument, as it is being raised for the first time in their motion for reconsideration.

7. *Mosley v. Pena,* 100 F.3d 1515, 1515 (10th Cir.1996)