# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued February 9, 2006          Decided April 7, 2006

No. 05-5132

IN RE: SANDRA L. JAMES ET AL.,
PETITIONERS

---

Appeal from the United States District Court
for the District of Columbia
(No. 03cv01835)

---

*Joseph D. Gebhardt* argued the cause for petitioners. With him on the briefs was *Charles Williamson Day, Jr.*

*Peter D. Blumberg*, Assistant U.S. Attorney, argued the cause for respondent. With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: HENDERSON and TATEL, *Circuit Judges,* and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: In this employment discrimination case against a federal agency, the district court denied class certification because, in its view, the employee plaintiffs failed to file their lawsuit within the time required by Title VII of the Civil Rights Act of 1964. Plaintiffs, petitioners herein, now

seek to challenge the denial of class certification, invoking Rule 23(f) of the Federal Rules of Civil Procedure, which gives courts of appeals discretion to entertain an interlocutory appeal "from an order of a district court granting or denying class action certification." Fed. R. Civ. P. 23(f). In *In re Lorazepam & Clorazepate Antitrust Litigation*, 289 F.3d 98 (D.C. Cir. 2002), this court limited Rule 23(f) interlocutory appeals to petitions that present issues relating to Rule 23's certification requirements. Given that the district court in this case denied class certification because it believed petitioners failed to comply with requirements imposed by Title VII, not Rule 23, we decline to hear this appeal.

## I.

Title VII of the Civil Rights Act of 1964, as amended, prohibits "discrimination based on race, color, religion, sex, or national origin" in federal employment. 42 U.S.C. § 2000e-16(a). Under Title VII, employees who believe they have been discriminated against must first consult an Equal Employment Opportunity (EEO) Counselor within 45 days of the alleged discriminatory acts. 29 C.F.R. § 1614.105(a)(1). Should the employee and the Counselor fail to resolve the discrimination claim within 30 days, the Counselor sends the employee a notice explaining the administrative complaint procedure. *Id.* § 1614.105(d). The employee then has 15 days to file an individual and/or class complaint with the employing agency. *Id.* § 1614.106 (regulations governing individual complaints); *id.* § 1614.204 (regulations governing class complaints); *see also id.* § 1614.103 (noting types of complaints governed by agency processing procedures outlined in regulations). Upon receipt of a final agency decision—known as a "FAD"—disposing of the administrative complaints, the employee has either 30 days to appeal to the Equal Employment Opportunity Commission (EEOC), *id.* §§ 1614.401(a), 1614.402(a), or 90 days to file suit in federal court, 42 U.S.C. § 2000e-16(c).

Unable to resolve their claims with agency EEO Counselors, petitioners filed individual administrative complaints alleging that their employer, the Naval Sea Systems Command ("NAVSEA"), discriminated against them on the basis of, among other things, sex and/or race. Later, they filed a class complaint together with a motion to certify the matter as a class action. As required by applicable regulations, NAVSEA forwarded the class complaint to the EEOC. *See* 29 C.F.R. § 1614.204(d). Nearly two years later, an EEOC Administrative Law Judge dismissed the class complaint for lack of jurisdiction. On March 21, 2003, NAVSEA sent the class agents (i.e., class members acting on behalf of the class, *see* 29 C.F.R. § 1614.204(a)(3)), including several petitioners, a letter notifying them that it had adopted the ALJ's decision to dismiss the class complaint but that it would process the claims as individual complaints. Styled a "Final Order," the March 21 letter also notified the class agents of their right either to appeal to the EEOC or to file suit in federal district court. None of the class agents pursued either course of action. On May 29, two months after class agent petitioners received the March 21 letter, each petitioner received a letter dismissing their individual complaints.

Although petitioners failed to sue within 90 days of the March 21 letter dismissing their class complaint, they did file suit within 90 days of the May 29 FADs dismissing their individual complaints. Shortly thereafter, they filed a motion under Rule 23 of the Federal Rules of Civil Procedure to certify the case as a class action. In response, NAVSEA filed a Rule 12(b)(6) motion to dismiss, arguing that petitioners' claims were untimely—the individual claims because petitioners had failed to contact a Counselor within 45 days of the alleged discriminatory acts, and the class claims because petitioners had failed to file suit within 90 days of the March 21 dismissal of the class complaint. The district court, finding that petitioners had

in fact contacted an EEO Counselor within 45 days, denied NAVSEA's motion to dismiss the individual claims. *James v. England*, 332 F. Supp. 2d 239, 246 (D.D.C. 2004). Agreeing with the agency's second point, however, the district court granted the motion to dismiss the class claims because petitioners had failed to file suit within 90 days of receiving the March 21 letter dismissing the class complaint. *Id*. at 250. Then, explaining that it had no "jurisdiction to entertain the class complaint," the district court found itself "compelled to deny the plaintiffs' [Rule 23] motion for class certification." *Id*. at 250 n.5.

Petitioners moved for reconsideration, arguing first that the district court "erred in treating the plaintiffs' motion for class certification as a challenge" to the EEOC's March 21 letter dismissing their class complaint, "rather than as a request to certify the plaintiffs as a class pursuant to [Rule 23]," and "[s]econd, that they should be excused for any untimely filings . . . on equitable tolling grounds." *James v. England*, 226 F.R.D. 2, 3 (D.D.C. 2004). The district court denied the motion, finding that petitioners failed to meet the "prerequisites to a federal action" when they neglected to "act[] upon the EEOC's statutory notice of the right to sue" on their class complaint. *Id*. at 5 (emphasis, internal quotation marks, and citation omitted). Allowing petitioners to proceed "as a class based upon their individual claims would," the district court explained, "permit them to circumvent the clear legal structure for pursuing class claims under Title VII." *Id*. at 6. Because none of the plaintiffs had timely filed a properly exhausted administrative class claim, the district court found itself without "any administratively exhausted class claims, which . . . would permit it to entertain a motion for class certification." *Id*. The district court also denied petitioners' request for equitable tolling. According to the district court, petitioners waived their

"[a]dmittedly . . . compelling" equitable tolling argument by failing to raise it in their pleadings. *Id*. at 6-7.

Pursuant to Rule 23(f), plaintiffs filed a timely petition for interlocutory appeal of the district court's order denying class certification. Rule 23(f) gives federal courts of appeals "discretion [to] permit an appeal from an order of a district court granting or denying class action certification." Fed. R. Civ. P. 23(f).

## II.

*In re Lorazepam & Clorazepate Antitrust Litigation* ("*Lorazepam*") articulates the circumstances under which this circuit will exercise its discretion to entertain Rule 23(f) interlocutory appeals. Sharing the advisory committee's "reluctance to depart from the traditional procedure in which claimed errors by the district court are reviewed on appeal only upon the conclusion of the proceedings in the district court," *Lorazepam*, 289 F.3d at 104-05, *Lorazepam* makes clear that this court will exercise its discretion to hear Rule 23(f) interlocutory appeals only where the petition presents issues arising under Rule 23, e.g., numerosity, commonality, typicality, and adequacy of representation, *id*. at 106; *see also* Fed. R. Civ. P. 23(f) advisory committee's note (1998) (recognizing appellate court's broad discretion, but noting that "many suits with class-action allegations present familiar and almost routine issues that are no more worthy of immediate appeal than many other interlocutory rulings" and advising "courts of appeals [to] develop standards for granting review"). Even if the issues raised relate to class certification, *Lorazepam* also requires that they fit into one of three categories considered "typically" appropriate for "interlocutory appeal pursuant to Rule 23(f)":

> (1) when there is a death-knell situation for either the plaintiff or defendant that is independent of the merits

of the underlying claims, coupled with a class certification decision by the district court that is questionable, taking into account the district court's discretion over class certification; (2) when the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; and (3) when the district court's class certification decision is manifestly erroneous.

289 F.3d at 99-100. Although noting that these categories are not "rigid," *Lorazepam* nonetheless concludes that, "absent special circumstances, this court's consideration of petitions for interlocutory review under Rule 23(f) should ordinarily fall within the[se] three circumstances." *Id*. at 105-06.

Invoking *Lorazepam*'s third category, petitioners argue that the district court's denial of class certification was "manifestly erroneous" in two respects. First, they insist that because they administratively exhausted their class claims, and because they timely filed their administrative individual claims, the district court should have certified a Rule 23 class action regardless of their failure to meet Title VII's deadline for filing their administrative class claims in federal court. Second, they argue that the district court should have certified a Rule 23 class action based on the administratively exhausted and timely filed claims of those employees who, though named in the administrative class complaint, were not class agents. According to petitioners, these claims are unaffected by the class agents' failure to file a civil action within 90 days of the March 21 letter.

Whatever their merits under Title VII, these arguments suffer from a fatal flaw with respect to Rule 23(f): the arguments relate to the requirements of Title VII, not Rule 23, and

*Lorazepam* makes clear that its three secondary categories, including whether the district court's decision might be "manifestly erroneous," come into play only if the issues raised in the Rule 23(f) petition relate to Rule 23's certification requirements.

Indeed, this case is indistinguishable from *Lorazepam*. There, several drug companies challenged the certification of a class of direct purchasers, arguing that the district court erred when it failed to determine whether the class and its representatives had standing under the relevant antitrust law to sue for damages. *Id*. at 101-02. Although the drug companies correctly pointed out that "whether a class of direct purchasers has antitrust standing under the particular circumstances at issue is a novel question of law" that "may dispose of the class as a whole and thereby preclude a lawsuit by direct purchasers," we found the question "unrelated to the Rule 23 requirements" and thus "well beyond the purpose of Rule 23(f) review." *Id*. at 107. "What matters for purposes of Rule 23(f)," we explained, "is whether the issue is related to class certification itself, and [petitioner] makes no showing that its antitrust standing claim is so related." *Id*. Without reaching the secondary inquiry—the same inquiry on which petitioners in this case rely—we declined to exercise our Rule 23(f) discretion to consider the antitrust standing question even though the issue was novel, dispositive, and necessarily prerequisite to a Rule 23 analysis. The same is true here. Although the Title VII questions petitioners present are novel, dispositive, and necessarily prerequisite to a Rule 23 analysis, they have nothing at all to do with Rule 23. They are thus "well beyond the purpose of Rule 23(f) review."

Attempting to convert their Title VII arguments into Rule 23 issues, petitioners contend that the district court violated the Federal Rules Enabling Act. *See* 28 U.S.C. § 2072(b). Under that Act, federal rules prevail over conflicting statutes unless

supersession would "abridge, enlarge, or modify any substantive right." *Id*.; *see also id*. ("All laws in conflict with [the federal rules of procedure] shall be of no further force or effect after such rules have taken effect."). According to petitioners, Title VII regulations governing class complaints impose procedural obligations and therefore cannot best Rule 23. Thus, they say, the issue presented is whether the district court allowed EEOC procedural regulations to trump Rule 23, a question appropriate for Rule 23(f) interlocutory appeal.

Again, petitioners' argument suffers from a fatal defect. Before the district court can determine whether petitioners' complaint qualifies for class status under Rule 23, it must decide whether they may bring their complaint in the first place—a threshold Title VII question entirely unrelated to Rule 23. Thus, rather than framing a Rule 23 question, petitioners' Rules Enabling Act argument raises exactly the same issue presented by their merits arguments, namely, whether Title VII requires petitioners to have filed exhausted and timely administrative class claims in order to pursue a class action in federal court. Because this question arises under Title VII, not Rule 23, *Lorazepam* bars us from hearing it now.

Finally, petitioners argue that their claims qualify for Rule 23(f) review under the following language from *Lorazepam*: "there may be occasions when threshold issues (e.g., statute of limitations), jurisdictional issues (e.g., Article III constitutional standing), or issues on the merits (e.g., affirmative defenses or the elements of a cause of action), would be appropriate for interlocutory review pursuant to Rule 23(f)" when "those issues . . . relate in some manner to the certification of the class or the court's jurisdiction." 289 F.3d at 108 (internal citations omitted). Neither of petitioners' arguments, however, relates to "certification of the class or the court's jurisdiction." As noted above, the Title VII questions petitioners present implicate none

of Rule 23's certification requirements.  Nor is either timeliness or administrative exhaustion jurisdictional, *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) (finding that Title VII's timeliness requirement is not a jurisdictional requirement but rather is similar to a statute of limitations); *De Medina v. Reinhardt*, 686 F.2d 997, 1012 (D.C. Cir. 1982) (noting that failure to file a claim, like the timeliness requirement, is not a jurisdictional prerequisite to suit); *see also Arbaugh v. Y & H Corp.*, No. 04-944, slip op. at 14 (U.S. Feb. 22, 2006) (ruling that "a threshold limitation on a statute's scope shall count as jurisdictional" only "[i]f the Legislature clearly states" it is so; otherwise "courts should treat the restriction as nonjurisdictional").

Moreover, even if petitioners' arguments were jurisdictional, nothing in *Lorazepam* would allow us to consider them in deciding *whether* to grant their Rule 23(f) petition. Rather, *Lorazepam*'s reference to jurisdictionally related non-Rule 23 issues merely acknowledges that even after we have exercised our Rule 23(f) discretion to entertain an interlocutory appeal because it presents Rule 23 issues, our ability to adjudicate those questions remains limited by the confines of our jurisdiction.  Read otherwise, that language would not only permit end runs around the final judgment rule, *see* 28 U.S.C. §1291 (generally restricting appellate review to "final decisions of the district courts of the United States"), but would also undermine *Lorazepam*: "What matters for purposes of Rule 23(f) is whether the issue is related to class certification itself," 289 F.3d at 107.

In dismissing this Rule 23(f) petition, we emphasize not only that petitioners' individual claims can go forward in the district court, but also that, after final judgment, petitioners may appeal the Title VII issues they seek to raise here.  Today we

simply decline to consider these issues on an interlocutory basis. We dismiss the petition to appeal.

*So ordered.*