**Patricia KILBY–ROBB, Appellant**

v.

**Margaret SPELLINGS, Secretary, U.S.
Department of Education,
Appellee.**

No. 08–5006.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 26, 2009.

David A. Branch, Law Office of David A. Branch, Washington, DC, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: ROGERS and BROWN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court has determined that the issues pre-

sented occasion no need for a published opinion. *See* D.C. CIR. RULE 36(b). It is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Appellant, an employee of the Department of Education, sued the Department, claiming her performance evaluation of "successful" constituted an adverse employment action. However, "poor performance evaluations are not necessarily adverse actions and they should not be considered such if they did not affect the employee's grade or salary." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C.Cir.2003); *see also Russell v. Principi*, 257 F.3d 815, 819 (D.C.Cir.2001). Appellant argued for the first time in her opposition to summary judgment that her performance evaluation resulted in a lesser bonus, but she offered no notice of such a link in her complaint. At oral argument, Appellant cited *Steele v. Schafer*, 535 F.3d 689 (D.C.Cir.2008), to support the sufficiency of her complaint, but the complaint in *Steele* expressly referenced a hostile workplace, *id.* at 694. Here, Appellant's complaint merely referenced benefits generally. But assuming her complaint sufficed under Federal Rule of Civil Procedure 8, the Department has offered a reasonable explanation for Appellant's 2003 performance evaluation, and Appellant has failed to show that this explanation was pretextual.[1]

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41.

---

1. Because the mandatory exhaustion requirement is not jurisdictional, *see Munsell v. Dep't of Agriculture*, 509 F.3d 572, 581 (D.C.Cir. 2007); *In re James*, 444 F.3d 643, 647–48 (D.C.Cir.2006), we do not decide whether Appellant adequately exhausted her administrative remedies.