**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD LAUGHTER; MERRIAM
ABEITA; STELLA ALCOTT; ELLA
BEGAY; ROBBIE DANIELS;
LENORA DAWES; LYLE IGNACE;
LENORA LEEKITY; GABE
LONGHI; ANNETTE MULLA;
HELENA PLATERO; GEORGE
SANDERS; BLAINE SILVERSMITH;
PITA WOOD; ALICE BEGAY;
RONALD LARSON,

     Plaintiffs - Appellants,

 and

CHARLENE AVERY,

     Plaintiff,

v.

GALLUP INDIAN MEDICAL
CENTER; DEPARTMENT OF
HEALTH & HUMAN SERVICES;
UNITED STATES OF AMERICA,

     Defendants - Appellees.

No. 10-2050
(D. Ct. No. 1:08-CV-00843-WJ-ACT)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, Circuit Judge, and **TACHA** and **HOLLOWAY**, Senior Circuit Judges.

---

This is an appeal from the dismissal of a complaint alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The district court dismissed the complaint for failure to exhaust administrative remedies. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. DISCUSSION

The following facts are not in dispute and are taken from the district court's order. The Indian Health Service ("IHS"), a federal agency within the Department of Health and Human Services ("HHS"), is responsible for providing health services to American Indians. The Gallup Indian Medical Center ("Center") is a medical center funded by IHS. Plaintiff-appellant Richard Laughter, a Native American psychiatrist employed by the Center, sought counseling with IHS's Equal Employment Office ("EEO") on April 27, 2007 alleging discrimination on the basis of race (American Indian), national origin (Native American), religion (Native American Church) and reprisal on his own behalf and that of a class of similarly situated Center employees. After the counseling phase was completed, the EEO issued Dr. Laughter a Notice of Right to File a Formal Complaint. Dr. Laughter subsequently filed his formal complaint of discrimination on behalf of the purported class with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2007.

In accordance with the governing regulations, the EEOC referred the complaint to an administrative judge to determine whether class certification was appropriate. Before the judge could issue a decision on whether to certify the class, however, Dr. Laughter withdrew the class complaint and asked to appear on his own behalf instead. On July 22, 2008, the EEOC issued an order dismissing the complaint and directing HHS to process Dr. Laughter's claim as an individual complaint pursuant to 29 C.F.R. § 1614.106(e) within thirty days. The EEOC also ordered HHS to issue an acknowledgment of receipt for all other purported class members and process their individual complaints within thirty days.

Pursuant to the EEOC's instructions, HHS sent letters to each of the purported class members on September 15, 2008, advising them that they had thirty days to contact an EEO counselor to begin the process of filing their individual complaints. The following day, September 16, Dr. Laughter and seventeen other plaintiffs filed this discrimination suit in federal court. Nine of the other plaintiffs were named in the original class complaint but never filed individual complaints of discrimination with the EEOC after the class complaint was dismissed. Two plaintiffs were not included in the initial class complaint, but similarly failed to file individual complaints of discrimination with the agency. The six remaining plaintiffs have taken some steps to file an individual complaint—either before or after the class complaint was dismissed.

On the defendants' motion, the district court dismissed the complaint for

failure to exhaust administrative remedies. The court reasoned that Dr. Laughter filed suit in federal district court fewer than 180 days from the July 22, 2008 filing of his individual complaint with the EEOC. As to the remaining plaintiffs, the district court held that the class action had been dismissed and that the current lawsuit in district court was premised only upon Dr. Laughter's individual claim of discrimination, which precluded them from relying on the class complaint to demonstrate exhaustion. The court went on to conclude that none of the remaining plaintiffs had individually exhausted their administrative remedies such that they could sue in federal court. The plaintiffs now appeal.

## II. DISCUSSION

A federal employee must first complete the following administrative process before bringing a discrimination lawsuit in federal court. First, the aggrieved person must consult an EEO counselor within forty-five days of the discriminatory incident and prior to filing a formal complaint with the employing agency. 29 C.F.R. § 1614.105(a)(1). The counselor will provide counseling and inform the individual of his rights and responsibilities. *Id.* § 1614.105(b)(1). If the matter is not resolved within thirty days, the EEO counselor must issue a notice informing the individual of his right to file a discrimination complaint with the employing agency. *Id.* § 1614.105(d). Once a complaint is filed, the agency has 180 days to investigate the allegations. *Id.* § 1614.106(e)(2). The agency may then dismiss the complaint, *see id.* §§ 1614.107 1614.109(b), offer to resolve

the complaint, *see id.* § 1614.109(c), or issue a final decision on the merits of the complaint, *see id.* § 1614.110(b).

At this point, the individual has two options: He may choose to file a civil suit in federal district court, or he may appeal to the EEOC. If he chooses to sue, he must do so within ninety days of notice of the agency's final decision. *See id.* § 1614.407(a). If the agency does not issue a final decision within 180 days of the administrative complaint, the individual may sue anytime after that date. *See id.* § 1614.407(b). On the other hand, if the individual chooses to appeal to the EEOC, he may not file a civil suit in federal court until the EEOC issues its final decision (in which case he has ninety days from notice of that decision to file suit) or unless 180 days have passed from the date he filed his appeal. *See id.* § 1614.407(c), (d).

The procedures are nearly identical for an individual who wishes to file a class discrimination complaint. *See* 29 C.F.R. § 1614.204. An individual may move for class certification at any reasonable point in the administrative process; if he has already completed the counseling process before moving for class certification, he need not go through additional counseling. *Id.* § 1614.204(b). When the agency receives a class complaint, it must forward the complaint directly to the EEOC, which will assign it to an administrative judge. *Id.* § 1614.204(d)(1). The administrative judge will determine whether to accept or dismiss a class complaint. *Id.* § 1614.204(d). "A dismissal of a class complaint

shall inform the [class] agent either that the complaint is being filed on that date as an individual complaint of discrimination and will be processed under subpart A [dealing with individual complaints] or that the complaint is also dismissed as an individual complaint in accordance with § 1614.107." *Id*. § 1614.204(d)(7).

In this case, Dr. Laughter filed a class complaint with HHS on August 8, 2007 and withdrew it on June 3, 2008, specifically requesting that he be allowed to "appear on his own behalf and on the behalf of others pursuant to 29 C.F.R. § 1601.7."[1] On July 22, 2008, HHS, in accordance with Dr. Laughter's request, informed him that his class complaint was dismissed and that it was processing his charge as an individual complaint. Thus, HHS had 180 days from July 22, 2008 (or until approximately the end of January 2009) to investigate and take final action on Dr. Laughter's individual complaint before he could sue in federal court regarding those claims. *See id*. § 1614.407(b). Instead of giving HHS the requisite time to investigate, however, Dr. Laughter filed this lawsuit on September 16, 2008. Accordingly, the lawsuit is premature as Dr. Laughter has failed to exhaust administrative remedies.

Dr. Laughter argues that his federal lawsuit is based upon the original

---

[1]29 C.F.R. § 1601.7 provides that "[a] charge that any person has engaged in or is engaging in an unlawful employment practice within the meaning of title VII, the ADA, or GINA may be made by or on behalf of any person claiming to be aggrieved." This procedure for filing a charge on behalf of any aggrieved person is entirely separate and distinct from the procedure for bringing a class complaint, which is set forth at 29 C.F.R. § 1614.204.

agency complaint filed as a class action on August 8, 2007. One hundred and eighty days from that date is February 2008, which would render Dr. Laughter's federal complaint in September 2008 timely. Even if the federal complaint could be read to assert a class action that is based on Dr. Laughter's original agency complaint, however, Dr. Laughter abandoned the original complaint with HHS when he moved to withdraw it on June 3, 2008. Abandoning a complaint of discrimination filed with an employing agency prior to the agency's final action on the complaint constitutes a failure to exhaust. *See Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993). Thus, because he withdrew the original class complaint before the agency could act on it, Dr. Laughter was precluded from filing suit in federal court based on that complaint.

Relatedly, we also disagree with Dr. Laughter's position that HHS's dismissal of his class complaint (on his own motion) constitutes "final action" which then allowed him to file a federal lawsuit within ninety days under 29 C.F.R. § 1614.407(a). Such a rule would effectively permit a complainant to bypass the 180-day timeframe for agency investigations into discrimination charges by allowing him to voluntarily withdraw his agency complaint at any point and then immediately file suit in federal court.

Finally, because we conclude that Dr. Laughter has not exhausted administrative remedies as to his individual claim of discrimination, and because the other plaintiffs do not contest the district court's determination that none of

- 7 -

them have exhausted administrative remedies as to their individual claims of discrimination, the "single filing" or "piggybacking" rule has no bearing in this case. *See Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004) ("[I]n a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement. . . . This exception to the individual filing requirement is known alternatively as the 'single filing rule' or 'piggybacking.'") (quotations and citations omitted).

### III. CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Senior Circuit Judge

No. 10-2050
*Laughter  v. Gallup Medical Center, et al.*

**HOLLOWAY**, Circuit Judge, dissenting in part:

I.

I agree with the majority insofar as it holds that the plaintiffs, aside from Dr. Laughter, have not exhausted their administrative remedies.  As to Dr. Laughter, however, I would hold that our precedent in *Monreal v. Potter*, 367 F.3d 1224 (10th Cir. 2004), dictates that Dr. Laughter exhausted his administrative remedies as the class agent after 180 days passed from his filing the class administrative complaint.  Moreover, unlike the majority, I would hold that Dr. Laughter's subsequently withdrawing as the class agent and refiling as an individual complainant *on the same day for the express purpose of continuing as an individual complainant* did not vaporize his otherwise-achieved exhaustion or constitute "abandonment" of his individual administrative remedies.

II.

As the class agent, Dr. Laughter's individual grievances were expressed in the class complaint, as they had to be for him to serve as the class agent.  The majority order does not point to any evidence that Dr. Laughter or any of the class plaintiffs were dilatory or non-cooperative in responding to any of IHS or the EEOC's requests for information in their investigation of their complaint.  The administrative law judge had not issued a determination of whether to certify

the class within 180 days, nor did the EEOC or IHS issue a determination on the merits of the class complaint.

More than 180 days after filing the class complaint, Dr. Laughter moved to withdraw his request for class certification and requested to proceed "on his own behalf and on behalf of others pursuant to 29 C.F.R. § 1601.7." Aplt's App. at 23.

### III.

Here, the district court found that the EEOC took final action on July 22, 2008 when it dismissed the class complaint. Aplt's App. at 157 (Order Granting Mot. Dismiss 7, Feb. 8, 2010). Moreover, the district court found that "this lawsuit is premised upon Dr. Laughter's individual complaint which was not filed until July 22, 2008—the same day his class complaint was dismissed." *Id.* The district court held that therefore, "Dr. Laughter should have waited to file this suit until either the agency issued a final decision on his individual complaint or 180 days passed without any agency action." *Id.*

The district court did not address our precedent which Dr. Laughter presented below in his district court briefing and that I consider to be controlling, *Monreal v. Potter*, 367 F.3d 1224 (10th Cir. 2004). "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the

facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). "Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt… or where 'injustice might otherwise result.'" *Id.* (citing *Turner v. City of Memphis*, 369 U.S. 350 (1962), and quoting *Hormel v. Helvering*, 312 U.S. 552, 557 (1941)). I am convinced that the proper resolution of this issue is beyond doubt and that injustice might otherwise result were Dr. Laughter not to be allowed to proceed on his individual complaint, including the potential foreclosure of his ability to bring his employment discrimination claim despite having already exhausted his administrative remedies and having followed all of the required regulations and procedures.

IV.

"'[E]xhaustion of administrative remedies is a jurisdictional prerequisite' to instituting a Title VII action in federal court." *Khader v. Aspin*, 1 F.3d 968, 970-71 (10th Cir. 1993) (citing *Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir. 1984)). "The existence of proper subject matter jurisdiction is a question of law which we review *de novo*." *Id.* (citing *Kiehn v. United States*, 984 F.2d 1100, 1102 (10th Cir. 1993); *Bank of Okla. v. Muscogee (Creek) Nation*, 972 F.2d 1166, 1168-69 (10th Cir. 1992)). "The requirement that a Title VII claimant exhaust administrative remedies serves the purpose of 'giv[ing] the agency the

information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the agency and the EEOC and to provide all relevant, available information is all that exhaustion requires.'" *Id.* (quoting *Wade v. Secretary of Army*, 796 F.2d 1369, 1377 (11th Cir. 1986)).

At all times, Dr. Laughter's argument has been that he exhausted his administrative remedies through the filing of the class administrative complaint on August 8, 2007. As the majority opinion notes, "[o]ne hundred and eighty days from that date is February 2008, which would render Dr. Laughter's federal complaint in September 2008 timely." Slip Op. at 7. On this issue, our precedent in *Monreal* is instructive: a class agent can exhaust his individual administrative remedies through exhaustion of the class administrative remedies. 367 F.3d at 1231-32. As of February 2008, then, *Dr. Laughter's individual remedies were exhausted.*

The majority holds that Dr. Laughter's subsequent withdrawal as the class agent and refiling as an individual complainant reset the clock, ignoring his already-achieved exhaustion and requiring him to wait another 180 days before proceeding in district court. We note, however, that Dr. Laughter's withdrawal as the class agent was effected on the same day as his refiling as an individual complainant, on July 22, 2008, in response to his express request to proceed as

- 4 -

an individual.[1]  On July 22, 2008, Dr. Laughter's individual remedies were *already exhausted*.  Given our precedent in *Monreal*, Dr. Laughter did not need to refile an individual administrative complaint.

The majority holds that Dr. Laughter's withdrawal as the class agent and subsequent refiling as an individual complainant constituted an "abandonment" of his class administrative complaint, citing *Khader* for the proposition that "[a]bandoning a complaint of discrimination filed with an employing agency prior to the agency's final action on the complaint constitutes a failure to exhaust."  Slip Op. at 7 (citing 1 F.3d at 971).  In *Khader*, the plaintiff filed her formal complaint with the EEOC on October 28, 1988, alleging discrimination by the Army and Air Force Exchange Service (AAFES).  1 F.3d at 970.  In November of 1988, David Frame, the deputy director of the AAFES EEO program, acknowledged receipt of Khader's complaint and outlined her procedural rights.  *Id.*  In December of 1988, Frame requested additional information from Khader to assist in reviewing the merits of her complaint.  *Id.*  In March of 1989, Frame wrote again to Khader to let her know he had not yet received a response to his December 1988 request.  *Id.*  In a response dated March 28, 1989, Khader sent Frame a copy of a certified mail receipt showing that correspondence of some sort was delivered to AAFES on December 21,

---

[1]  The Memorandum Opinion and Order of the Federal District Court recognized this critical sequence of events.  Aplt's App. at 152.

- 5 -

1988, and also included a note saying, *inter alia*, "Screw you.  See you in court."
*Id.*  On May 22, 1989, Frame wrote to Khader again, indicating that Khader's
December correspondence had apparently been misplaced and requested a reply
within 15 calendar days of Khader's receipt of the letter.  *Id.*  Khader did not
supply the requested information and, on June 6, 1989, filed her complaint in
district court.  *Id.*  180 days following the filing of Khader's formal EEOC
complaint would have been approximately April 28, 1989, thus her district court
complaint, filed on June 6, 1989, would have been after the 180-day window.
*See* 42 U.S.C. § 2000e-16(c).

*Khader*, however, is distinguishable on two grounds.  First, the 180-day
waiting period was not explicitly at issue in the court's decision.  Second, even if
it were, Khader effectively aborted the agency's investigation prior to the 180-
day waiting period's running by sending her note of March 28, 1989, and by
refusing to resubmit information requested by the agency.  1 F.3d at 970.  Our
court noted that while it "appreciate[d] Khader's frustration upon learning that
her materials had been misplaced by the [agency personnel], 'impatience with the
agency does not justify immediate resort to the courts.'"  *Id.* at 971 (quoting
*Rivera v. U.S. Postal Service*, 830 F.2d 1037, 1039 (9th Cir. 1987), *superseded
by* 29 C.F.R. § 1613.513 (1987), as stated in *Bak v. Postal Service*, 52 F.3d 241,
243-44 (9th Cir. 1995)).  Thus, by abandoning her administrative complaint prior

to the 180-day period running and failing to cooperate with Frame's requests, Khader failed to exhaust her administrative remedies. Unlike Khader, however, Dr. Laughter's individual administrative remedies were *already exhausted* when he filed suit in district court.

In addition, *Rivera*, the Ninth Circuit case relied upon by *Khader*, involved a plaintiff who had filed an administrative appeal from an adverse decision by the Postal Service. 830 F.2d at 1038. The Ninth Circuit held that once the *Rivera* plaintiff had entered into the administrative appeal, he was statutorily bound by 42 U.S.C. § 2000e-16(c) to wait 180 days or until the EEOC issued its decision before filing suit in district court. *Id.* at 1039. This was true even though had Rivera not appealed to the EEOC, he could have directly filed suit in district court to contest the Postal Service's decision. *Id.* Thus, both *Khader* and *Rivera* involved situations where administrative proceedings were underway and the respective plaintiffs' "impatience" with the process resulted in "abandonment" of the administrative process, followed by filing complaints in district court before they exhausted their administrative remedies. In the instant case, however, Dr. Laughter had already exhausted his individual remedies as the class agent after 180 days following his filing of the class administrative complaint. At all times, his actions, including the simultaneous withdrawal of the class complaint and filing of his individual complaint, could objectively be

viewed as pursuing his claims of discrimination whether as the class agent or as an individual. This hardly constitutes abandonment.

Indeed, the two rationales identified by *Monreal* in support of requiring exhaustion, protecting administrative agency authority and promoting judicial efficiency, 367 F.3d at 1233, both support allowing Dr. Laughter to proceed. Dr. Laughter fully respected agency authority by waiting 180 days after filing his class complaint before taking any action in district court. Moreover, IHS and the EEOC were both on notice as to the nature of his claims through his individual counseling session on April 27, 2007, and presumably through the EEO Class Counseling Report.[2] IHS and the EEOC had 180 days to investigate his complaints and those of the class, after which he could file suit in district court. There was no evidence of non-cooperation as in *Khader*, nor did Dr. Laughter appeal a decision for which he had to await a decision as in *Rivera*. *See also Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir. 1990) ("Where, as here, a case languishes in the administrative phase for long beyond 180 days, indeed without activity for over 180 days, we cannot say that abandoning the administrative process constitutes such a lack of cooperation as to bar suit by reason of failure

_____

[2]     Laughter cited the EEO Class Counseling Report in the Class Administrative
                                                              (continued...)
(...continued)
Complaint, Aplt's App. at 18, but does not appear to have included it in the appellate record.

- 8 -

to exhaust administrative remedies."); *Wade*, 796 F.2d at 1378 (11th Cir. 1986) ("[U]pon determining that the employee in fact complied with the regulations… and that the agency therefore rejected the individual or class complaint without cause, the court should not direct the employee or class agent to return to the agency to give the agency a second opportunity to resolve the dispute but should conclude that administrative remedies are exhausted and go on to try all issues in the case on their merits.").

Similarly, allowing Dr. Laughter's complaint to proceed would promote judicial efficiency. For example, assuming without deciding or agreeing with the district court's finding that "the EEOC took final action on July 22, 2008 when it dismissed the class complaint," Aplt's App. at 157, 29 C.F.R. § 1614.407(b) would require Dr. Laughter and the class plaintiffs to file a district court complaint within 90 days of that decision. This conflicts with the district court's mandate that Dr. Laughter wait 180 days from that same date before filing an individual complaint. As Dr. Laughter argues and as *Monreal* pointed out, "requiring separate exhaustion of the class allegations and the class agent's individual allegations that form the basis of the class allegations could create conflicting deadlines for filing a civil action such that all the deadlines could not be satisfied." 367 F.3d at 1234 (citation omitted).

Importantly also, as the class agent, Dr. Laughter had satisfied the counseling requirements prior to filing a complaint. He followed all of the

regulations and dictated procedures. He withdrew the class complaint only to proceed as an individual, not to "abandon" the process. Dr. Laughter's is not a situation where he decided that his individual complaint had no merit and thus abandoned it, only to change his mind later and seek refiling. Nor is it a situation where he attempted to short-circuit the administrative process. Requiring him to reset the clock on his individual complaint would be prejudicial insofar as it serves no purpose except as an additional hurdle that he has already satisfied.

Thus, I would reverse the district court's holding as to Dr. Laughter's individual complaint. I would remand to the district court for further proceedings on his complaint, and for the district court to determine which of Dr. Laughter's co-plaintiffs could proceed under the Single Filing Rule. Accordingly, I must respectfully dissent in part.