125 F.3d 864
 97 CJ C.A.R. 2240
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darnell REEVES, Defendant-Appellant.
 No. 96-3419.
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1997.
 
 Before BRORBY, EBEL, and KELLY, Circuit Judges.**
 ORDER AND JUDGMENT*
 KELLY, Circuit Judge.
 
 
 1
 Mr. Reeves, an inmate appearing pro se and in forma pauperis, seeks a certificate of appealability so as to appeal from the denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Mr. Reeves pled guilty to distribution of cocaine base, 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2, and was sentenced on November 8, 1993 to 365 months imprisonment and five years supervised release. His conviction was affirmed on direct appeal where, inter alia, he contended that trial counsel was ineffective. United States v. Reeves, No. 93-3367, 46 F.3d 1152, 1995 WL 13164 (10th Cir. Jan. 5, 1995). In his present motion, Mr. Reeves contends that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not challenging the constitutionality of U.S.S.G. § 2D1.1. That section equates one gram of crack cocaine with 100 grams of powder cocaine. Relying upon Amendment 487 to the Sentencing Guidelines, Mr. Reeves also contends that the "cocaine base" in question was not proven to be crack cocaine, and therefore, the substance should have been treated as cocaine, resulting in a lesser sentence. See United States v. Kissick, 69 F.3d 1048, 1051-53 (10th Cir.1995) (discussing effect of amendment), cert. denied, 117 S.Ct. 1008).
 
 
 2
 Mr. Reeves cannot prove that his appellate counsel's performance was deficient or that the claimed omissions prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This circuit has rejected equal protection challenges to § 2D1.1. See United States v. Williamson, 53 F.3d 1500, 1530 (10th Cir.), cert. denied, 116 S.Ct. 218 (1995). Moreover, during the plea colloquy, Mr. Reeves admitted sending a package of 611 grams of "rock cocaine," which he acknowledged was "quite a bit of cocaine, quite a bit of crack." I R. doc. 59 at 4 (quoting plea tr.). That the substance in question was crack cocaine is corroborated by the unquestioned account in the presentence report. See Id. doc. 61 at 2-3 (quoting presentence report).
 
 
 3
 Because Mr. Reeves has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his Application for a Certificate of Appealability and DISMISS the appeal.
 
 
 
 **
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3