FILED
United States Court of Appeals
Tenth Circuit

October 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DARNELL REEVES,

      Defendant - Appellant.

No. 12-3252
(D.C. No. 6:93-CR-10036-MLB-1)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and appellant, Darnell Reeves, appeals from the denial of his Fed. R. Crim. P. 35(a) motion to correct his allegedly "illegal" sentence. For the following reasons, we affirm the district court's dismissal of this case.

On August 13, 1993, Mr. Reeves pled guilty, pursuant to a plea agreement, to the distribution of approximately 611 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2.

In preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). After various adjustments, the PSR calculated a total offense level of 35. The PSR then increased Mr. Reeves' offense level to 37, based on his being classified as a career offender because he had "at least two prior felony convictions involving crimes of violence." PSR at ¶ 31.[1] After a reduction for acceptance of responsibility, Mr. Reeves' final total offense level was 34. With a criminal history category of VI, both because he was classified as a career offender and because he had amassed fourteen criminal history points, the Guidelines advisory sentencing range was 292 to 365 months. A ten-year statutory mandatory minimum sentence was also applicable. 21 U.S.C. § 841(b)(1)(A). Mr. Reeves was sentenced to 365 months' imprisonment.

---

[1]In fact, the adjusted offense level of 37 was not used in calculating Mr. Reeves' sentence, because he was already subject to the higher offense level of 38.

Mr. Reeves filed a direct appeal, in which we affirmed his sentence. United States v. Reeves, 46 F.3d 1152 (10th Cir. 1995) (unpublished). He also filed a petition pursuant to 28 U.S.C. § 2255, which the district court denied. Our court then declined to grant Mr. Reeves a certificate of appealability to appeal the denial and dismissed his case. United States v. Reeves, 125 F.3d 864 (10th Cir. 1997) (unpublished). Mr. Reeves, represented by appointed counsel, subsequently filed a motion for a reduction in his term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2). That was denied. Mr. Reeves then filed an identical motion, proceeding *pro se*, which was also denied. His motion for reconsideration was then denied.

Finally, on August 13, 2012, Mr. Reeves filed the instant *pro se* motion for the correction of an allegedly "illegal" sentence under Fed. R. Crim. P. 35. He sought to remove his classification as a career offender, on the ground that his sentences on two of his prior felonies were imposed concurrently and on the same day and by the same judge, and therefore should only count as one offense. Mr. Reeves further averred that two of his prior convictions were "invalid" under the Guidelines. Based on these claimed errors, Mr. Reeves argues that his criminal history points should be reduced from eleven to five, and his criminal history category should be reduced from VI to III.

Rule 35 provides in pertinent part as follows: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical,

-3-

technical, or other clear error." Fed. R. Crim. P. 35(a).[2] "Rule 35 allows a short window to correct sentencing error." United States v. McGaughey, 670 F.3d 1149, 1155 (10th Cir. 2012). The court's authority to correct a sentence under Rule 35 "'was intended to be very narrow and to extend only to those cases in which an obvious error or mistake had occurred.'" United States v. Lonjose, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011) (quoting United States v. Green, 405 F.3d 1180, 1185 (10th Cir. 2005)). We recently stated that, after careful review of our case law, relevant Supreme Court authority and the case law of other circuits, "[w]e join the other circuits in holding that Rule 35(a)'s 14-day time limit is jurisdictional. Thus, we find the district court had no jurisdiction to rule on [defendant's] Rule 35(a) claim past the 14-day limit." Id. at 1158; see also Green, 405 F.3d at 1185 (stating that the 14-day time limit established by Rule 35 is jurisdictional).

In denying Mr. Reeves' Rule 35(a) motion, the district court stated, after quoting the 14-day time limit, that, "Defendant was sentenced in 1993. Accordingly, the court has no jurisdiction inherent or otherwise, to correct defendant's sentence which, in any event, was and is entirely legal." Order at 1, R. Vol. 2 at 106. We agree with the district court's assessment.

---

[2]Rule 35(a) formerly included a seven-day deadline; this was extended to fourteen days in 2009.

Mr. Reeves argues that we should recognize some grounds for equitable tolling, or some other form of waiver or estoppel, to allow him to bring his motion some nineteen years after his sentence was imposed. A non-jurisdictional time limit, unlike a jurisdictional time limit, may be subject to waiver, estoppel or equitable tolling. See Monreal v. Potter, 367 F.3d 1224, 1231 (10th Cir. 2004); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Mr. Reeves cites a number of district court cases from other jurisdictions in which he claims the court permitted an otherwise untimely motion to be brought. Those cases, however, involve petitions under 28 U.S.C. § 2255, which contains a non-jurisdictional one-year time limit and, as such, is subject to equitable tolling. See Miller, 141 F.3d at 978. His cited authorities therefore provide no support for Mr. Reeves' claim that his motion should be subject to equitable tolling or some other basis for allowing his otherwise untimely motion.

In sum, we agree with the district court that it lacked jurisdiction to rule on Mr. Reeves' Rule 35(a) motion to reduce his sentence. AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge